OPINION
{¶ 1} Defendant-appellant, Deborah Hodge, appeals the decision of the Clermont County Court of Common Pleas, denying her motion for remission of a $50,000 cash bond which the trial court previously ordered forfeited. We affirm the trial court's decision.
 {¶ 2} On October 8, 1998, appellant pleaded no contest to one count of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), which was a felony of the fourth degree, as it was her fourth alcohol-related driving offense within the preceding six years. The sentencing court imposed a sentence comprised of the following: a six-month term of incarceration in the county jail, five years of community control, a $750 fine, and a permanent revocation of appellant's driver's license.
 {¶ 3} On July 24, 2000, the probation department filed an affidavit stating appellant had violated the terms of her community control by consuming alcohol and committing another alcohol-related driving offense in Kentucky. Appellant failed to appear for the hearing on the community control violation. On March 31, 2001, appellant was arrested and appeared in court for a hearing on April 4, where the court set appellant's bail at $50,000. On April 11, appellant posted bond in cash via her friend Pamela Davis, and subsequently fled to Florida before she could be sentenced for the community control violation. When appellant failed to appear at her sentencing hearing on April 18, the court issued a bench warrant for her arrest.
 {¶ 4} On March 7, 2002, the state filed a motion seeking forfeiture of the $50,000 cash bond. Notice of this hearing was sent to appellant and Davis. Appellant failed to appear at the hearing, and the court ordered the bond forfeited.
 {¶ 5} On January 18, 2003, appellant was arrested in Dade County Florida, and was transported back to Ohio after waiving extradition. On April 7, 2004, appellant filed a motion requesting remission of the bond forfeiture and restoration of driving privileges. After a hearing on these issues, the court overruled appellant's motion. Appellant appeals the trial court's decision, raising a single assignment of error.
 {¶ 6} "THE COURT ABUSED ITS DISCRETION BY NOT REMITTING TO THE DEFENDANT PART OF A $50,000 CASH BOND."
 {¶ 7} Appellant argues the trial court erred in refusing to remit a portion of the $50,000 she posted as bond, because the state only proved it expended $6,331.58 to extradite her from Florida. Appellant maintains that forfeiture of $50,000 is unreasonable, based on the cost and inconvenience incurred related to her failure to appear. We disagree.
 {¶ 8} A trial court's decision denying remission of a forfeited bond will not be reversed absent abuse of discretion. State v. Am. Bail BondAgency (1998), 129 Ohio App.3d 708, 713. An abuse of discretion is more than an error of law or judgment; rather, it implies the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 9} The purpose of bail is to ensure that the accused appears at all stages of the criminal proceedings. State v. Hughes (1986),27 Ohio St.3d 19, 20. According to Crim.R. 46(I), "[a]ny person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited." Further, R.C. 2937.39 provides that a court, on the appearance, surrender or re-arrest of the accused, may remit all or a portion of the penalty as is deemed just.
 {¶ 10} In determining whether to remit a forfeited bail bond, a court should consider the ultimate appearance of the defendant as grounds for remission. State v. Patton (1989), 60 Ohio App.3d 99, 101. Overall, a bond forfeiture order should bear some reasonable relation to the costs and inconvenience incurred in gaining custody of the accused and again preparing for trial. Id. Upon a motion for remission of a forfeited bond, a court should balance the reappearance of the accused against the inconvenience and delay to the prosecution, the expense involved, the willfulness of the violation, and any other factors the court finds relevant. State v. Jackson, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶ 6-9.
 {¶ 11} After reviewing the record, we find no abuse of discretion in the trial court's decision denying appellant remission of the forfeited bond. In balancing the relevant factors, the trial court made the following findings: appellant's appearance for the hearing on her community control violation was involuntary, as she was arrested in Florida and extradited back to Ohio for the hearing; appellant's decision not to appear for the hearing was a willful attempt to avoid prosecution for the community control violation; appellant hid from authorities by fleeing the jurisdiction for 21 months; bail was not actually posted by a third party, so there was no need for a surety to expend resources to ensure her appearance; and appellant did not seek remission of the bond until two years after the forfeiture. In addition, the court found appellant's failure to appear wasted the time and resources of the court and the state, and the state's out-of-pocket expense to ensure appellant's appearance exceeded $6,000.
 {¶ 12} Further, we reject appellant's contention that the trial court failed to consider remitting only a portion of the forfeited bond rather than the entire amount. In construing appellant's motion, the trial court stated in its opinion, "[i]n her motion, the defendant seeks remittance of all or a portion of the $50,000 cash bond."
 {¶ 13} Upon review, we find the trial court properly balanced the appropriate factors and its decision is not unreasonable, arbitrary, or unconscionable. On the contrary, the court's decision is well-reasoned and supported by the record. Accordingly, appellant's assignment of error is overruled.
 {¶ 14} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.