OPINION
{¶ 1} Appellants, A1 Bail Bonding, Inc., et al.,[1] appeal a decision of the Warren County Court of Common Pleas ordering the forfeiture and partial remission of a surety bond *Page 2 
issued by A1 Bail Bonding on behalf of a criminal defendant, Mel Tucker.[2]
 {¶ 2} On June 19, 2006, Tucker was indicted by the Warren County Grand Jury on one count of domestic violence. A summons was issued on the indictment, but the summons was later converted into a warrant when Tucker could not be found. On September 12, 2006, Tucker was arrested on the warrant and placed in the Warren County Jail. The next day, Tucker was arraigned on the domestic violence charge, at which time bond was set at $10,000 cash or surety with certain other conditions. On October 2, 2006, A1 Bail Bonding posted bond for Tucker, and he was released from jail.
 {¶ 3} On February 28, 2007, Tucker failed to appear for a scheduled pretrial conference. As a result, the trial court, on March 2, 2007, ordered that Tucker's bond be revoked and that a capias be issued for his arrest. The trial court scheduled a bond forfeiture hearing for April 17, 2007. A1 Bail Bonding moved for additional time to find and arrest Tucker. The trial court granted A1 Bail Bonding's motion, and continued the bond forfeiture hearing until June 5, 2007.
 {¶ 4} On May 16, 2007, the capias issued on March 2, 2007 was returned and filed, as A1 Bonding had secured Tucker's arrest in Tampa, Florida, and Tucker was returned to the Warren County Jail.[3] Despite the fact that Tucker was in jail, the trial court, on June 5, 2007, issued an order declaring the $10,000 surety bond forfeited, and directing the clerk of courts to carry out forfeiture proceedings pursuant to R.C. 2937.36.
 {¶ 5} On June 14, 2007, A1 Bail Bonding moved for relief from the bond forfeiture order. After holding a hearing on the matter, the trial court ordered that $5,000 of the $10,000 surety bond be remitted to A1 Bail Bonding, and that the remaining half be retained *Page 3 
by the state.
 {¶ 6} A1 Bail Bonding appeals from the trial court's order retaining one-half of the $10,000 surety bond, and raises four assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "A COURT IS WITHOUT AUTHORITY TO ORDER A SURETY BOND FORFEITED WHEN THE SUBJECT OF THE BOND IS IN CUSTODY PRIOR TO THE HEARING ON THE FORFEITURE."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "A TRIAL COURT MAY NOT ORDER FORFEITURE OF BAIL PURSUANT TO R.C. 2937.36 WHERE THE BODY OF THE ACCUSED HAS BEEN PRODUCED PRIOR TO THE DATE SPECIFIED IN THE NOTICE OF DEFAULT."
 {¶ 11} A1 Bail Bonding's first two assignments of error are interrelated, and therefore we shall discuss them together.
 {¶ 12} A1 Bail Bonding argues that once Tucker was in the state's custody, the trial court was prohibited under R.C. 2937.35 and2937.36(C) from declaring any portion of the $10,000 surety bond forfeited. We agree with this argument.
 {¶ 13} Crim. R. 46 states in pertinent part:
 {¶ 14} "(A) Types and amounts of bail. Any person who is entitled to release shall be released upon one or more of the following types of bail in the amount set by the court:
 {¶ 15} "* * *
 {¶ 16} "(3) A surety bond * * *.
 {¶ 17} "* * *
 {¶ 18} "(I) Failure to appear; breach of conditions. Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail *Page 4 Warren CA2007-07-096 given for the person's release may beforfeited. If there is a breach of condition of bail, the court may amend the bail." (Emphasis added.)
 {¶ 19} R.C. 2937.35, which is entitled "forfeit of bail" states:
 {¶ 20} "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion,continue the cause to a later date certain, giving notice of such dateto him and the bail depositor or sureties, and adjudge the bail forfeitupon failure to appear at such later date." (Emphasis added.)
 {¶ 21} R.C. 2937.36, which governs forfeiture proceedings, states in pertinent part:
 {¶ 22} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
 {¶ 23} "* * *
 {¶ 24} "(C) As to recognizances he shall notify accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice * * * why judgment should not be entered against each of them for the penalty stated in the recognizance.If good cause by production of the body of the accused or otherwise isnot shown, the court or magistrate shall thereupon enter judgmentagainst the sureties or either of them, so notified, in such amount, notexceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases." (Emphasis added.)
 {¶ 25} "R.C. 2937.36(C) provides, by implication, `* * * that a surety may be exonerated if good cause "by production of the body of the accused or otherwise" is shown.' (Emphasis omitted.) State v.Hughes (1986), 27 Ohio St.3d 19, 20 * * * In other words, pursuant to R.C. 2937.36(C), production of the body of the defendant on the date or dates *Page 5 Warren CA2007-07-096 specified in the notice of default and adjudicationof forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant." State v.Holmes (1991), 57 Ohio St.3d 11, 13. (Emphasis added.)
 {¶ 26} When Tucker failed to appear for a scheduled pretrial conference, the trial court had discretion under Crim. R. 46(I) and R.C. 2937.35 to declare forfeit all or part of the surety bond given by A1 Bail Bonding to secure Tucker's release. The trial court also had discretion under R.C. 2937.35 to continue the cause to a later date certain, giving notice of such date to Tucker and A1 Bail Bonding, and declare the bail forfeit upon Tucker's failure to appear at such later date.
 {¶ 27} The trial court, in the exercise of its discretion, chosenot to declare Tucker's bail forfeit at the April 17, 2007 bond forfeiture hearing, as it was permitted to do under Crim. R. 46 and the first sentence of R.C. 2937.35; instead, the trial court continued the matter until June 5, 2007, as the court was permitted to do under the second sentence of R.C. 2937.35. Had Tucker not been re-arrested and placed in custody by June 5, 2007, the trial court would have been entitled under the second sentence of R.C. 2937.35 to adjudge the $10,000 surety bond forfeit as a result of Tucker's failure to appear on that date.
 {¶ 28} However, it is undisputed that Tucker was re-arrested and returned to the Warren County Jail by no later than May 16, 2007, and thus was available to appear in court by June 5, 2007. As we have indicated, R.C. 2937.36(C) provides, by implication, that sureties like A1 Bail Bonding are entitled to be exonerated if they can show good cause as to why judgment should not be entered against them "byproduction of the body of the accused or otherwise[.]" Holmes,57 Ohio St.3d at 13, quoting Hughes, 27 Ohio St.3d at 20. (Emphasis added.)
 {¶ 29} Because Tucker was in custody in the Warren County Jail before June 5, 2007, the date to which the bond forfeiture hearing had been continued, A1 Bail Bonding showed *Page 6 Warren CA2007-07-096 good cause as to why judgment should not have been entered against them regarding any portion of the $10,000 surety bond. See Holmes, 57 Ohio St.3d at 13 and syllabus.
 {¶ 30} The state, citing this court's decision in State v. Hodge, Clermont App. No. CA2004-10-079, 2005-Ohio-5904, argues that the decision whether to remit a forfeited bond is a matter within the trial court's discretion, and the court's exercise of that discretion must not be reversed absent an abuse thereof. However, Hodge is readily distinguishable from this case.
 {¶ 31} In Hodge, the appellant violated the terms of her community control and then failed to appear at a hearing scheduled on the violation. A friend of appellant's posted a $50,000 bond in cash to secure appellant's release, and appellant then fled to Florida before she could be sentenced for the community control violation. When appellant failed to appear at her sentencing hearing, the trial court issued a bench warrant for her arrest and ordered the $50,000 bond forfeited. Id. at ¶ 3-4.
 {¶ 32} The appellant was subsequently arrested in Florida and returned to Ohio. Upon her return, appellant requested remission of the $50,000 bond, which the trial court refused. Id. at ¶ 5. This court affirmed the trial court's decision denying appellant's request for remission of the forfeited bond, finding that the trial court's decision did not constitute an abuse of discretion, as the decision was not unreasonable, arbitrary, or unconscionable. Id. at ¶ 13.
 {¶ 33} In this case, the trial court had the discretion under the first sentence of R.C. 2937.35 to declare Tucker's bail forfeit upon his failure to appear for the scheduled February 28, 2007 pretrial hearing. However, the trial court chose not to do so. Instead, the trial court exercised its discretion under the second sentence of R.C. 2937.35 to continue the matter to a later date certain, namely, June 5, 2007, upon A1 Bail Bonding's request for additional time to find and arrest Tucker. Once Tucker was in custody and thus available to appear on the *Page 7 Warren CA2007-07-096 criminal charge against him, A1 Bail Bonding was entitled to be exonerated on its obligation under the $10,000 surety bond that it had posted to secure Tucker's release. See R.C. 2937.36(C) and Holmes, 57 Ohio St.3d at 13, citing Hughes, 27 Ohio St.3d at 20.
 {¶ 34} The state also argues that R.C. 2937.36(C) applies only to cases involving recognizance bonds, not surety bonds, like this case. We find this argument unpersuasive as well.
 {¶ 35} R.C. 2937.36(C) states in pertinent part, "As to recognizances * * *." R.C. 2937.22 provides that bail "may take any of the following forms:
 {¶ 36} "(A) The deposit of cash by the accused or by some other person for him;
 {¶ 37} "(B) The deposit by the accused or by some other person for him in form of bonds of the United States, this state, or any political subdivision thereof in a face amount equal to the sum set by the court or magistrate. In case of bonds not negotiable by delivery such bonds shall be properly endorsed for transfer.
 {¶ 38} "(C) The written undertaking by one or more persons to forfeitthe sum of money set by the court or magistrate, if the accused is indefault for appearance, which shall be known as a recognizance."
(Emphasis added.)
 {¶ 39} Here, the $10,000 surety bond issued by A1 Bail Bonding to secure Tucker's release was not a deposit of cash or government bonds by Tucker or by some other person for him under R.C. 2937.22(A) or (B). Instead, the $10,000 surety bond qualifies as a recognizance under R.C. 2937.22(C) because it was a "written undertaking by one or more persons to forfeit the sum of money set by the court, if the accused is in default for [failure of] appearance[.]" Therefore, the surety bond constitutes a recognizance for purposes of R.C. 2937.36(C), and that provision applies to this case.
 {¶ 40} Appellant's first and second assignments of error are sustained.
 {¶ 41} Assignment of Error No. 3: *Page 8 
 {¶ 42} "THE TRIAL COURT ERRED IN FAILING TO EXONERATE OR DISCHARGE APPELLANTS ONCE THE ACCUSED WAS INCARCERATED IN WARREN COUNTY."
 {¶ 43} Assignment of Error No. 4:
 {¶ 44} "THE TRIAL COURT ERRED IN ORDERING THAT THE BOND BE FORFEITED AFTER THE ACCUSED WAS ORDERED TO PAY COURT COSTS DURING SENTENCING."
 {¶ 45} As a result of our disposition of its first two assignments of error, A1 Bail Bonding's third and fourth assignments of error have been rendered moot, and therefore we need not decide them. See App. R. 12(A)(1)(c).
 {¶ 46} The trial court's judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion and in accordance with the law of this state.
BRESSLER, P.J. and WALSH, J., concur.
[1] The other appellant in this case is Charles J. Miller Bonding, Inc. For ease of reference, we shall refer to the appellants in this case as simply A1 Bonding.
[2] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[3] Tucker later pled guilty to one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree, and was sentenced to one year in prison and three years of mandatory post-release control. *Page 1