[Cite as *State v. Dominguez-Villalobos*, 2015-Ohio-4820.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-01-003 |
| | : | O P I N I O N |
| - vs - | | 11/23/2015 |
| | : | |
| NOE D. DOMINGUEZ-VILLALOBOS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 09 CR 010413


Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Brian A. Muenchenbach, 200 West Main Street, Eaton, Ohio 45320, for defendant-appellant


**PIPER, P.J.**

{¶ 1} Defendant-appellant, Noe Dominguez-Villalobos, appeals a decision of the Preble County Court of Common Pleas denying his motion for relief from bond forfeiture.

{¶ 2} In December 2009, Dominguez-Villalobos was arrested and charged with single counts of possession of heroin and possession of criminal tools. Dominguez-Villalobos, who is not a United States citizen, personally posted a $25,000 bond and was released from custody. He was subsequently detained and deported to Mexico by the United States

Department of Immigration.

{¶ 3} Dominguez-Villalobos returned to the United States for the birth of his daughter in 2012. He remained in New Mexico, but never returned to Preble County to answer for the 2009 charges. In 2013, the state filed a motion requesting the forfeiture of the bond Dominguez-Villalobos posted. The trial court granted the motion, and the bond was forfeited. Dominquez-Villalobos was detained in 2014, while still living in New Mexico, and transported to the Preble County Jail to face the 2009 charges. Also in 2014, the trial court ordered the forfeited bond disbursed.

{¶ 4} Dominguez-Villalobos pled guilty to possession of heroin, and was ordered to serve an agreed sentence of three years. Dominguez-Villalobos filed a motion for relief from the bond forfeiture, which was denied by the trial court at the time of sentencing. Dominguez-Villalobos now appeals the trial court's decision to deny his motion for relief of bond forfeiture, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANTS [SIC] MOTION FOR RELIEF FROM BOND FORFEITURE.

{¶ 6} Dominguez-Villalobos argues in his assignment of error that the trial court should have granted his motion for relief from bond forfeiture because his deportment made it impossible for him to appear in Preble County as ordered by the trial court.

{¶ 7} This court reviews a trial court's decision regarding bond forfeiture issues for an abuse of discretion. *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 8. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 28.

{¶ 8} The purpose of bail is to ensure the accused's presence during all stages of criminal proceedings. *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986). According to Crim.R.

46(I), if a defendant fails to appear, "any bail given for the person's release may be forfeited." R.C. 2937.35 provides, "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear." According to R.C. 2937.36(A),

> Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows: As to each bail, the magistrate or clerk shall proceed forthwith to deal with the sum deposited as if the same were imposed as a fine for the offense charged and distribute and account for the same accordingly provided that prior to so doing, the magistrate or clerk may satisfy accrued costs in the case out of the fund.

{¶ 9} The other provisions of R.C. 2937.36, such as a notice of a show cause hearing, are not applicable to the case sub judice where Dominguez-Villalobos posted his own bond instead of using a surety. Moreover, the fact that Dominguez-Villalobos posted his own bail impacts the way we analyze the issues on appeal. Generally, contract law principles are applicable to analyze bail issues when a surety is involved because the surety enters into a contract with the state to pay the penalty should the defendant not appear as ordered. *Berry* at ¶ 9. However, and because Dominguez-Villalobos posted his own bond, we will not utilize contract principles in our analysis. As such, we find no merit in Dominguez-Villalobos' argument that there was a contractual impossibility of performance given his deportation.

{¶ 10} However, and even if we were to consider whether it was impossible for Dominguez-Villalobos to appear in order to avoid forfeiture of his bond, we find that there was no impossibility precluding his appearance. The record is clear that Dominguez-Villalobos was deported back to Mexico after his arrest and release on bail in 2010. However, the record is equally clear that Dominguez-Villalobos returned to the United States in 2012 for the birth of his daughter. Dominguez-Villalobos remained in New Mexico rather than returning to Preble County to answer for the heroin-related charges, and did so of his own accord.

{¶ 11} The record reveals that Dominguez-Villalobos' charges had not been answered or vacated and there was no disposition. He could have contacted his attorney regarding the pendency of the state's case against him if he had any questions about the charges. This is especially true where the record contains a clear indication that Dominguez-Villalobos was appointed counsel and had representation throughout the pendency of the proceedings against him. Also, the record contains an "Acknowledgement of Condition of Posting of Bail," which was signed by Dominguez-Villalobos. Therein, Dominguez-Villalobos acknowledged his understanding that "should I fail to appear for any Court hearing, the bond may be forfeited" and that the bond could not be returned until released by the trial court. Despite knowing that his failure to appear could result in forfeiture, and that a formal order of the court was required to release the bond, Dominguez-Villalobos never attempted to claim his bond by appearing in Preble County.

{¶ 12} Instead, Dominguez-Villalobos remained in the United States approximately two years before he was detained and forcibly returned to Preble County. As of 2012, when Dominguez-Villalobos returned to the United States, his bond had not yet been forfeited, and it was not until the next year that the state moved for forfeiture. Had he returned to Preble County once he crossed into New Mexico, or shortly thereafter, it would have been possible for him to move for the bond's return. However, Dominguez-Villalobos decided not to return to Preble County even though he knew he still had to answer for the 2009 charges.

{¶ 13} According to Dominguez-Villalobos' motion for relief from forfeiture, he monitored the Preble County website to see if the case against him was proceeding. Dominguez-Villalobos claims that he never saw an active warrant for his arrest, and that he believed being deported to Mexico was his punishment for the alleged offenses. However, the record indicates that the trial court issued a capias on January 26, 2010, which was posted on the website and remained active. At no time did the county's website indicate that

- 4 -

the charges pending against Dominguez-Villalobos had been dismissed. Moreover, and even if Dominguez-Villalobos believed the charges were truly dismissed, he does not explain why he did not return to Preble County to claim his bond or why he waited until he was detained and returned to Preble County to move the court for return of his bond.

{¶ 14} The record contains no indication that Dominguez-Villalobos made any effort to return to Preble County to claim his bond before it was forfeited and disbursed. This is true despite his being in the United States for the birth of his daughter, obtaining steady employment, and establishing a family life in New Mexico for approximately two years. During this time, Dominguez-Villalobos could have returned to Preble County to answer for the charges against him, and no impossibility precluded him from his appearance in front of the Preble County Court of Common Pleas. As such, the trial court did not abuse its discretion in ordering forfeiture of Dominguez-Villalobos' bond once Dominguez-Villalobos failed to appear as ordered. Dominguez-Villalobos' single assignment of error is therefore overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.