[Cite as *State v. Aledkawy*, 2017-Ohio-7337.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|                          |   |                              |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : |                              |
|                          | : |                              |
|   Plaintiff-Appellee | : | C.A. CASE NO.   27087    |
|                          | : |                              |
| v.                       | : | T.C. NO. 15-CR-41            |
|                          | : |                              |
| HANY ALEDKAWY            | : | (Criminal Appeal from        |
|                          | : |  Common Pleas Court)    |
|   Defendant-Appellee | : |                        |
|                          | : |                              |
| [SURETY BABOUCARR NJIE,  | : |                              |
|  A/B 10 BAIL BOND]  | : |                              |
|                          | : |                              |
|   Appellant    | : |                              |
|                          | : |                              |
|                          | : |                              |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____25th____ day of _____August_____, 2017.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JIMMIE CHRISTON, Atty. Reg. No. 0038116, 131 N. Ludlow Street, Suite 212, Dayton, Ohio 45402
    Attorney for Appellant Surety Baboucarr Njie, A/B 10 Bail Bond

ANTONY ABBOUD, Atty. Reg. No. 0078151, 130 W. Second Street, Suite 2000, Dayton, Ohio 45402
    Attorney for Defendant-Appellee Hany Aledkawy

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the notice of appeal of appellant Surety Baboucarr Njie, A/B 10 Bail Bond (hereinafter "Njie"), challenging the trial court's order forfeiting a portion of the bail bond that he posted on behalf of his bond client, defendant Hany Aledkawy. Njie filed a timely notice of appeal with this Court on April 22, 2016.

{¶ 2} On January 14, 2015, Aledkawy was indicted for one count of sexual battery (parent), in violation of R.C. 2907.03(A)(5), a felony of the third degree; one count of sexual imposition, in violation of R.C. 2907.06(A)(4), a misdemeanor of the third degree; and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, a felony of the third degree. On January 27, 2015, Njie posted a recognizance bond in the amount of $50,000.00 on behalf of Aledkawy. Aledkawy was released on the further condition that he remain on electronic home monitoring (EHDP).

{¶ 3} On April 22, 2015, the conditions of Aledkawy's bond were modified in order to allow him to work as a cab driver. The new conditions were as follows: 1) Aledkawy would be removed from EHDP monitored by Pre-trial Services and be placed on EHDP to be monitored by Njie; 2) Aledkawy would be permitted to travel within a seventy-mile radius in order to operate as a cab driver; and 3) Aledkawy was required to surrender his passport.

{¶ 4} Thereafter, Aledkawy surrendered his United States passport to Pre-trial Services. We note that the record establishes that unknown to Pre-trial Services, Aledkawy had a second Egyptian passport that he had turned over to Njie. Njie did not reveal the existence of the second passport to the trial court until the forfeiture hearing. In addition to surrendering his U.S. passport, Aledkawy turned in his EHDP equipment that had been issued by Pre-trial Services. Aledkawy, however, was not simultaneously

placed on EHDP by Njie. Njie did not discover that Aledkawy had been removed from EHDP for several days. When Njie became aware that Aledkawy was not on any type of EHDP, he attempted to locate Aledkawy. Njie was unable to locate Aledkawy. Njie was later informed that Aledkawy had traveled to New York, somehow obtained an "emergency" passport, and thereafter, fled the United States. The record establishes that Njie was aware that Aledkawy had left Ohio, and ultimately the country, in April of 2015, but failed to notify the trial court.

{¶ 5} After Aledkawy failed to appear at a pre-trial hearing scheduled on June 4, 2015, the trial court issued a capias for his arrest on June 5, 2015. On June 8, 2015, the trial court issued an order forfeiting Aledkawy's bond. The trial court also ordered Njie to show cause why judgment should not be entered against him for the full amount of the forfeited bond. Njie failed to respond to the show cause order, and on July 23, 2015, the trial court entered judgment against him in the amount of $50,000.00.

{¶ 6} On October 23, 2015, Njie filed a motion requesting the trial court to reconsider its ruling with respect to the bond forfeiture. In his motion, Njie argued that he never received notice of the show cause order issued by the trial court. On March 9, 2016, the trial court held a hearing regarding Njie's motion to reopen the forfeiture issue. At the hearing, the trial court heard testimony from Njie and Thomas Marquis from Pre-trial Services regarding the events surrounding Aledkawy's absconding from the U.S.

{¶ 7} In an order issued on March 25, 2016, the trial court granted Njie's motion and vacated its prior forfeiture order of July 23, 2015. Nevertheless, the trial court found that Njie had failed to show cause why judgment should not be entered against him and entered judgment for the partial forfeiture of the recognizance bond in the amount of

$5,000.00. Specifically, the trial court found that Aledkawy's flight from the U.S. with an illegal passport was partially due to Njie's own neglect as well as Pre-trial Services' failure to properly transfer control of Aledkawy's EHDP. The trial court also emphasized that a defendant absconding is a "business risk of bail surety." Accordingly, the trial court entered judgment against Njie in the amount of $5,000.00 rather than the entire amount of the original bond.

{¶ 8} It is from this judgment that Njie now appeals.

{¶ 9} Njie's sole assignment of error is as follows:

{¶ 10} "APPELLANT'S ASSERT THAT THE COURT ABUSED ITS DISCRETION IN ORDERING THE BOND FORFEITED AFTER IT MODIFIED THE BOND AT SURETY'S DETRIMENT."

{¶ 11} In his sole assignment, Njie contends that the trial court erred when it ordered a portion of the recognizance bond forfeited. Specifically, Njie argues that Aledkawy's flight was entirely the fault of Pre-trial Services insofar as it failed to properly transfer control of his EHDP to Njie. Njie also blames the trial court for Aledkawy's absconding because it entered the order modifying his bond and granting him driving privileges related to his employment as a cab driver.

{¶ 12} Bail bonds are contracts between the surety and the state. *See State v. Scherer,* 108 Ohio App.3d 586, 591, 671 N.E.2d 545 (2d Dist.1995). The surety agrees to ensure the appearance of the defendant in court and the state agrees to release the defendant into the surety's custody. *Id.* If the defendant fails to appear, there is a breach of the condition of bond and the court may declare a forfeiture of the bond unless the surety can be exonerated as provided by law. *See State v. Hughes,* 27 Ohio St.3d 19, 20,

501 N.E.2d 622 (1986); *see also* R.C. 2937.35.

{¶ 13} R.C. 2937.36 governs forfeiture proceedings, and provides that a surety may be exonerated if good cause "by production of the body of the accused or otherwise" is shown. *See Hughes* at 20, 501 N.E.2d 622, citing R.C. 2937.36(C); *see also State v. Berry,* 12th Dist. Clermont No. CA2013–11–084, 2014-Ohio-2715, ¶ 10. A surety may also be exonerated where performance of the conditions in the bond is rendered impossible by an act of law. *See Hughes* at 21–22, 501 N.E.2d 622, citing *Taylor v. Taintor,* 83 U.S. 366, 16 Wall. 366, 21 L.Ed. 287 (1872). However, the impossibility of performance must have been unforeseeable at the time the surety entered into the contract. *See Scherer* at 592, 671 N.E.2d 545.

{¶ 14} We review a trial court's disposition of a motion to remit forfeited bail for an abuse of discretion. *State v. Thornton,* 2d Dist. Montgomery No. 20963, 2006–Ohio–786, ¶ 13. In reviewing a motion to remit forfeited bail, the trial court should consider various factors, including (1) the circumstances surrounding the ultimate appearance of the defendant, including the timing and voluntariness of the reappearance, (2) the inconvenience, delay, expense, or other prejudice suffered by the State, (3) the willfulness of the violation, including, for example, the defendant's reasons for failing to appear and any prior failures to appear, and (4) any other mitigating circumstances, including whether the surety helped to secure the defendant's reappearance. *See, e.g., State v. McQuay,* 2d Dist. Montgomery No. 24673, 2011–Ohio–6709, ¶ 6, citing *State v. Delgado,* 2d Dist. Clark No. 2003–CA–28, 2004–Ohio–69; *Youngstown v. Durrett,* 7th Dist. Mahoning No. 09 MA 57, 2010–Ohio–1313, ¶ 21. "[R]egardless of the circumstances under which the forfeiture [was] declared, it may be set aside if it appears

that justice does not require its enforcement." *Thornton,* 2d Dist. Montgomery No. 20963, 2006–Ohio–786, ¶ 13, citing *State v. Patton,* 60 Ohio App.3d 99, 573 N.E.2d 1201 (6th Dist.1989).

**{¶ 15}** As previously stated, the record establishes that Njie was aware that Aledkawy had left Ohio, and ultimately the country, in April of 2015, but failed to notify the trial court.   Furthermore, Njie did not provide the trial court with any information regarding Aledkawy's absconding until the hearing on March 9, 2016, at which Njie testified about what he had learned from Aledkawy's family with respect to how Aledkawy left Ohio, traveled to New York, and then left the country.   It is clear from the record that Njie could have been much more proactive and transparent with the trial court regarding Aledkawy's flight and the steps that were taken to locate him.   Upon review, we therefore conclude that the trial court did not abuse its discretion in holding Njie partially accountable for Aledkawy's flight by ordering the forfeiture of only $5,000.00 of the original bond amount of $50,000.00.

**{¶ 16}** Lastly, any argument advanced by Njie regarding lack of notice of the bail forfeiture order issued by the trial court on June 8, 2015, is undermined by the fact that the trial court vacated its initial order and scheduled a forfeiture hearing on March 9, 2016, which was attended by both Njie and his counsel.   At the hearing, Njie was given the opportunity to present his argument regarding remission of the bond forfeiture. Accordingly, any issues with respect to failure of notice relating to the June 8, 2015, order are moot.

**{¶ 17}** Njie's sole assignment of error is overruled.

**{¶ 18}** Njie's sole assignment of error having been overruled, the judgment of the

trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Jimmie Christon
Antony Abboud
Hon. Steven K. Dankof