THE STATE OF OHIO, APPELLEE, *v.*
HUGHES; PEERLESS INSURANCE CO. ET AL., APPELLANTS.

[Cite as State *v.* Hughes (1986), 27 Ohio St. 3d 19.]

(No. 86-340—Decided November 26, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Timothy J. Kollin,* for appellee.

*Thomas M. Shaughnessy,* for appellants.

*Per Curiam.* The question to be resolved is whether appellants should be discharged from liability on this bail bond under the circumstances of the instant case. Appellants contend that in causing Hughes' arrest and incarceration in Chicago, so that he could be extradited to Ohio, they had done everything within their capability to produce Hughes in court and thus should be exonerated from their obligation on the bond. The subsequent act of the Cook County court in freeing Hughes on bond was, appellants claim, an act which relieved them from responsibility on their bond.

We are not persuaded, however, that appellants did meet their obligation as sureties on Hughes' bond. The purpose of bail, as stated in Crim. R. 46(A), "is to insure that the defendant appears at all stages of the criminal proceedings." See, also, *Bland* v. *Holden* (1970), 21 Ohio St. 2d 238 [50 O.O.2d 477]. The surety, by posting bail bond, guarantees that it will produce the defendant in court when called. *State, ex rel. Howell,* v. *Schiele* (1949), 85 Ohio App. 356 [40 O.O. 234], affirmed (1950), 153 Ohio St. 235 [41 O.O. 249]. If the defendant does not make a court appearance, there is a breach of a condition of the bond and the court must declare a forfeiture of the bail, Crim. R. 46(M), unless the surety is exonerated "as provided by law." Crim. R. 46(N).

Forfeiture proceedings are governed by R.C. 2937.36, which provides that a surety may be exonerated if good cause "by production of the body of the accused *or otherwise*" is shown. (Emphasis added.) R.C. 2937.36(C). In the instant case, appellants contend that the act of the Cook County court, in releasing Hughes on bail after his recapture, constituted good cause for exoneration of their liability on Hughes' bond. We disagree with this contention.

Although there are statutory defenses available to exonerate a surety,[1] appellants concede that none is applicable to the instant case. In-

---

[1] These defenses are contained in R.C. 2937.40(A), which provides as follows:

"Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:

"(1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

"(a) By delivery of the accused into open court;

stead, appellants base their claim for exoneration on the three long-established nonstatutory defenses enunciated by the United States Supreme Court in *Taylor* v. *Taintor* (1872), 83 U.S. 366.

In *Taylor,* the defendant was jailed in Connecticut on a charge of grand larceny. The sureties posted bail and obtained his release, on condition that defendant would appear for a scheduled court hearing. Once free, the defendant returned to his home state of New York where he was seized on request of the Governor of Maine. New York's Governor sent the defendant to Maine where he was jailed on a burglary charge. When the defendant did not appear for his scheduled hearing in Connecticut, his bail was forfeited. The sureties appealed, claiming as a defense that the Governor of New York, in sending the defendant to Maine, had made it legally impossible to insure his presence in Connecticut.

The Supreme Court acknowledged the impossibility by act-of-law defense stating at 369 as follows:

"It is the settled law of this class of cases that the bail will be exonerated where the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law."

In *Taylor,* however, the court found that the act-of-law defense pleaded by the sureties would not be sufficient to exonerate them. As the court concluded:

"If * * * [the defendant] had remained in Connecticut he would probably not have been delivered over to the authorities of Maine, and would not, therefore, have been disabled to fulfill the condition of his obligation. * * * The * * * [sureties] are in fault [*sic*] for the departure from Connecticut, and they must take the consequences." *Taylor, supra,* at 372-373.

The sureties' argument rejected by the court in *Taylor* is the same as that urged by appellants herein. We similarly conclude that appellants' act-of-law defense will not serve to exonerate their liability on Hughes' bond. Although we realize that appellants' efforts aided Hughes' recapture in Chicago, after notifying the authorities in Cuyahoga County, appellants did nothing further to fulfill their obligation to produce Hughes in court. Yet, having already gone to great time and expense in locating Hughes, appellants might have met their obligation by appearing before the Cook County court to argue against the allowance of the extradition bond which freed him.

We agree with the court of appeals below, which in an earlier case

---

"(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

"(2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;

"(3) By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less."

denied exoneration to a surety where the defendant had fled to Israel and could not be extradited. In *State* v. *Ohayon* (1983), 12 Ohio App. 3d 162, 165, the appellate court concluded:

"The escape of a defendant is the business risk of a bail surety. It is precisely the situation which a surety guarantees against. Appellant insured the risk by securing property of the defendant. The fact that appellant is now unable to deliver the defendant or fully collect on his collateral will not shift the risk to the obligee."

We therefore hold that the arrest and subsequent release of defendant Hughes by Cook County authorities will not serve to exonerate appellants' liability on Hughes' bond. The judgment of the court of appeals, directing a bond forfeiture judgment against appellants, is hereby affirmed.[2]

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY and HOLMES, JJ., dissent.

_____

[2] Because Hughes has since been returned to jail in Cuyahoga County, appellants may seek a measure of relief by petitioning for remission of a portion of the bond forfeiture, as provided by Loc. R. 34(P) of the Court of Common Pleas of Cuyahoga County, General Division.