[Cite as *State v. Worley*, **2012-Ohio-484**.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011 CA 0067 |
| JOSEPH M. WORLEY | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |
| | : | |
| JOHN CRAVEN GENERAL AGENCY, | : | |
| INC. | : | |
| | : | |
| Movant-Appellant | : | |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                            Common Pleas, Case No. 10 CR 00629


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     February 1, 2012


APPEARANCES:

For Appellant:                          For Appellee:

JAMES W. SKOGSTROM                      KENNETH W. OSWALT
2 W. Columbia Street, Suite 200         LICKING COUNTY PROSECUTOR
P.O. Box 1404
Springfield, OH 45501                   JUSTIN T. RADIC
                                        20 S. Second Street, Fourth Floor
                                        Newark, OH 43055

*Delaney, J.*

{¶1}   Movant-appellant John Craven General Agency, Inc. appeals the June 7, 2011 judgment entry of the Licking County Court of Common Pleas denying appellant's Motion of the Surety to Set Aside the Judgment and Discharge the Surety. Defendant-appellee is Joseph M. Worley, and plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On November 12, 2010, Worley was charged by indictment with one count of receiving stolen property pursuant to R.C. 2913.51(A), a felony of the fourth degree.  Worley's bond was set at $5,000 cash or surety before the Licking County Municipal Court.

{¶3}   Appellant, doing business as AA/Craven Bail Bonds, posted Worley's bond as surety, and the bond was continued at arraignment.

{¶4}   Worley failed to appear for pretrial on February 4, 2011, and the trial court revoked the bond and issued a capias for his arrest.

{¶5}   The trial court scheduled a bond forfeiture hearing on March 7, 2011, and served notice upon appellant and Worley.  Neither appellant nor Worley appeared at the hearing.  The trial court rendered judgment against appellant in the amount of $5,000.

{¶6}   On March 16, 2011, appellant filed a Motion to Set Aside Judgment and to Discharge Surety pursuant to Civ.R. 60(B), supplemented by an additional memorandum.  The State opposed the motion and the trial court held an oral hearing. Appellant argued that Worley had been incarcerated since January 9, 2011, thereby explaining his failure to appear.

{¶7} In the meantime, on April 25, 2011, the State sought a warrant for Worley's removal from the county of incarceration. Worley appeared before the trial court, entered a plea of guilty, and was sentenced to a prison term of ten months.

{¶8} The trial court denied appellant's motion to set aside the judgment on June 7, 2011, and appellant appeals from this decision.

{¶9} Appellant raises one Assignment of Error:

{¶10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DECLINED TO SET ASIDE THE JUDGMENT AND RELEASE THE SURETY FROM ITS OBLIGATION ON THE BOND POSTED ON BEHALF OF THE DEFENDANT IN THIS MATTER."

{¶11} Appellant asserts that the trial court should have relieved the surety from judgment because Worley was incarcerated when he failed to appear at the pretrial. We disagree.

{¶12} The decision whether to grant a motion for relief under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "1) a meritorious defense or claim to present if relief is granted; 2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and 3) the motion must be timely filed." (emphasis added) *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to

establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶14} The purpose of bail is to insure that a defendant appears at all stages of the criminal proceedings. *State v. Hughes*, 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986), citing Crim.R. 46(A), revised. The surety guarantees that it will produce the defendant in court when called to do so. Id., citing *State ex rel. Howard v. Schiele* (1949), 85 Ohio App. 356, 361, 88 N.E.2d 215. Any person who fails to appear before any court as required is subject to punishment provided by law, and any bail given for the person's release may be forfeited. Crim.R. 46(I).

{¶15} Bond forfeiture requires an opportunity for the accused and the surety to show cause why judgment should not be rendered against them. R.C. 2937.36(C) states in pertinent part:

{¶16} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

{¶17} "***.

{¶18} "As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of forfeiture by ordinary mail at the address shown by them…of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice …why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter

judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. ****."

{¶19} The trial court complied with R.C. 2937.36 in ordering the bond forfeiture. Appellant failed to appear and show cause why judgment should not have been entered against AA/Craven in the amount of five thousand dollars, and failed to produce the accused.

{¶20} Appellant now seeks to reverse the trial court's decision denying the motion to set aside the judgment, citing *State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162. In that case, the Second District Court of Appeals held that a surety alleged the existence of a meritorious defense when a defendant's failure to appear was due to his incarceration in another county. Id. at 737.

{¶21} Appellant's position is distinguishable from that of the *Yount* surety because appellant failed to appear at the show cause hearing. The *Yount* surety not only appeared but also apprised the trial court that she had located the defendant in another jurisdiction and advised that jurisdiction of the bond forfeiture. Id.

{¶22} Appellant cites Civ.R. 60(B)(1) as grounds for relief from bond forfeiture: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceedings for the following reason[]: mistake, inadvertence, surprise, or excusable neglect."

{¶23} Appellant asserts that the mere existence of an alleged meritorious defense rises to the level of excusable neglect. Appellant asserts that because of the alleged meritorious defense of Worley's incarceration in another county, its

nonappearance at the show cause hearing is immaterial. This argument discounts the role of a surety and misconstrues the meaning of Civ.R. 60(B).

{¶24} The Ohio Supreme Court has stated that "***the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *GTE*, supra, at 153, 351 N.E.2d 113. Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Emery v. Smith*, 5th Dist. Nos. 2005CA00051, 2005CA00098, 2005-Ohio-5526, ¶16, citing *Vanest v. Pillsbury Co.* 124 Ohio App.3d 525, 536, 706 N.E.2d 825 fn. 8 (1997).

{¶25} Appellant's reasoning is circular: it asserts a meritorious defense of Worley's incarceration, yet justifies its nonappearance at the show cause hearing on the alleged meritorious defense that it failed to assert. By this reasoning, the trial court was apparently expected to intuit the existence of a meritorious defense because Appellant did not appear to present one. Appellant's argument relies upon *Yount's* holding that incarceration in another county is a meritorious defense, but appellant overlooks the significance of the fact that the *Yount* surety "apprised the trial court at the show-cause hearing that she had located [the defendant] in [another county]," therefore satisfying the first requirement of Civ.R. 60(B). *Yount*, supra, 737. Under all of the circumstances, therefore, the surety's efforts in *Yount* did not constitute a complete disregard for the judicial system. *Id.* The same is not true in the instant case.

{¶26} Based upon the record before us, we find the trial court did not abuse its discretion in finding that Appellant failed to demonstrate excusable neglect or any other reason justifying relief from judgment. Appellant has failed to establish one of the three required prongs for relief under the *GTE* test, and therefore the motion to set aside the judgment was properly denied by the trial court.

{¶27} Appellant's sole assignment of error is overruled.

{¶28} The judgment of the Licking County Common Pleas Court is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JOHN W. WISE

[Cite as *State v. Worley*, **2012-Ohio-484.**]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH M. WORLEY | : | |
| | : | |
| | : | Case No. 11-CA-67 |
| Defendant-Appellee | : | |
| | | |
| JOHN CRAVEN GENERAL AGENCY, INC. | | |
| | | |
| Movant-Appellant. | | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE