Robb, P.J.
{¶ 1} Appellant Sly Bail Bonds ("the surety") appeals the decision of the Youngstown Municipal Court entering judgment against it on a prior adjudication of bond forfeiture. The defendant, Terrance Edmonds, was returned to custody at the local jail soon after the adjudication of bond forfeiture and appeared twice in this case between his return to custody and the show cause hearing, once where he was provided a new bond and once where he stipulated to probable cause for a probation violation after having been released on the bond with a new surety. The surety argues the trial court abused its discretion in entering judgment on the bond forfeiture, and this court agrees. Accordingly, the trial court's decision, entering judgment against the surety on the adjudication of bond forfeiture, is reversed.
STATEMENT OF THE CASE
{¶ 2} The defendant was convicted of obstructing official business and placed on probation. After failing to appear for a probation violation hearing, the defendant was arrested and incarcerated in the local jail (Mahoning County). On May 17, 2017, the court set the defendant's bond at $2,500. On May 22, 2017, the surety secured the defendant's release on a recognizance surety bond.
{¶ 3} The defendant failed to appear for the probation violation hearing set for June 13, 2017. In a judgment entry issued that same day, the court issued a capias and ordered the bond forfeited under R.C. 2937.35. On June 14, 2017, the municipal court clerk of court sent notice to the surety under R.C. 2937.36 explaining: the defendant failed to appear, a warrant was issued, the bond was ordered forfeited, and a hearing was scheduled for August 1, 2017 for the surety to show cause why judgment should not be entered against it for the amount of the bond posted. A similar letter was mailed to the defendant.
{¶ 4} A June 21, 2017 judgment entry demonstrates the defendant appeared before the court after being arrested on the court's June 13, 2017 order. The court's magistrate set a new bond of $5,000 and scheduled the probation violation hearing to proceed before the judge on July 18, 2017. In separate entries, the court appointed an attorney to represent the defendant *949 for the bond forfeiture hearing and the probation violation hearing.
{¶ 5} On June 26, 2017, the surety's counsel filed a motion asking the court to vacate the bond forfeiture and to release the surety from further liability. As grounds, the motion pointed out the defendant was returned and presented to the Mahoning County Sheriff's Department on June 19, 2017 and was locally incarcerated.
{¶ 6} On June 30, 2017, a different surety posted the defendant's new bond securing his appearance at the July 18, 2017 probation violation hearing. The defendant appeared before the trial judge for this hearing and stipulated to probable cause. The court set a final probation violation hearing for August 24, 2017.
{¶ 7} On August 1, 2017, the day of the scheduled bond forfeiture show cause hearing, the court entered judgment against the surety in the amount of the $2,500 bond. The court's entry stated the surety did not appear or show cause as to why judgment should not be entered against it. The court opined the surety's motion did not address the issue pertinent to the show cause hearing or excuse the appearance of the surety or its counsel.
{¶ 8} The surety filed a timely notice of appeal. We granted the surety's motion for stay pending appeal. After the surety filed its brief, the city provided notice that no responsive brief would be filed. Where an appellee does not file a brief: "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
ASSIGNMENTS OF ERROR: BOND FORFEITURE
{¶ 9} The surety raises four assignments of error, the first of which provides:
"THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING JUDGMENT AGAINST THE APPELLANT IN ITS AUGUST 1, 2017 JOURNAL ENTRY BECAUSE GOOD CAUSE WAS SHOWN BY THE APPELLANT TO AVOID JUDGMENT PURSUANT TO R.C. 2937.36(C), AS THE APPELLANT ARRESTED AND RETURNED THE DEFENDANT TO THE TRIAL COURT'S CUSTODY ON JUNE 19, 2017, AND THIS GOOD CAUSE WAS SHOWN TO THE TRIAL COURT THROUGH THE APPELLANT'S JUNE 26, 2017 MOTION TO VACATE FORFEITURE AND THE DEFENDANT'S SUBSEQUENT APPEARANCES IN COURT PRIOR TO THE DATE OF THE BOND FORFEITURE SHOW CAUSE HEARING."
{¶ 10} The surety recognizes the trial court has discretion in entering judgment on a bond forfeiture and the decision is evaluated under the abuse of discretion standard of review. See State v. Lee , 9th Dist. No. 11CA010083, 2012-Ohio-4329, 2012 WL 4343777, ¶ 9. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. State v. Adams , 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).
{¶ 11} The surety contends the court abused its discretion in entering judgment against the surety on the bond forfeiture because the defendant had been arrested and incarcerated in Mahoning County prior to the date of the bond forfeiture show cause hearing and appeared in this municipal court on this case twice before the show cause hearing. The surety states the production of the defendant's body prior to the show cause hearing equates to a showing of good cause at the hearing which prohibits the entry of forfeiture. It is said the defendant was arrested by the surety on June 19, 2017 and presented to the local jail due to the capias in *950 this case. The surety also notes it is irrelevant who apprehended the defendant, and there was thus no need for the surety to appear to explain to the court exactly how the defendant was returned to local custody.
{¶ 12} The purpose of bail is to ensure the appearance of a criminal defendant before the court at a specific time. State v. Holmes , 57 Ohio St.3d 11, 14, 564 N.E.2d 1066 (1991) ; R.C. 2937.22(A). As the surety points out, the purpose of bail "is not to enrich the state." City of Youngstown v. Durrett , 7th Dist. No. 09 MA 57, 2010-Ohio-1313, 2010 WL 1208300, ¶ 28. Recognizance is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance." R.C. 2937.22(A)(3). A surety's recognizance bond is a contract between the surety and the state whereby the state agrees to release the defendant into the surety's custody and the surety agrees to ensure the defendant is present in court on the appearance date. State v. Lott , 1st Dist., 2014-Ohio-3404, 17 N.E.3d 1167, ¶ 8 ; State v. Scherer , 108 Ohio App.3d 586, 591, 671 N.E.2d 545 (2d Dist.1995).
{¶ 13} If the accused appears in accordance with the terms of the recognizance, bail deposited by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released. R.C. 2937.40(A)(2). If the defendant fails to appear, there is a breach of the condition of bond, and the court may declare a forfeiture of the bond and thereafter execute upon it unless the surety can be exonerated as provided by law. Lott , 1st Dist., at ¶ 8. A final judgment of forfeiture in the case of a recognizance surety bond has two steps: an adjudication of bail forfeiture under R.C. 2937.35 and a bond forfeiture show cause hearing under R.C. 2937.36. "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear." R.C. 2937.35 (or the court "may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date"). If the bail is "adjudged forfeit" under R.C. 2937.35, then R.C. 2937.36 provides the subsequent procedure:
Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows: * * *
(C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice , and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. * * *
R.C. 2937.36(C).[1]
{¶ 14} Pursuant to R.C. 2937.36(C), a surety may be exonerated *951 after the adjudication of bail forfeiture if good cause "by production of the body of the accused or otherwise" is shown. Holmes , 57 Ohio St.3d at 13, 564 N.E.2d 1066, citing State v. Hughes , 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986). Production of the body of the defendant on the date specified in the notice is a showing of good cause as to why judgment should not be entered against the surety. Holmes , 57 Ohio St.3d at 12-13, 564 N.E.2d 1066 (reversing the trial court's decision to enter judgment on the bond forfeiture where the defendant was arrested prior to the show cause hearing through the efforts of the surety). "In addition to 'production of the body of the accused,' one of the other ways to show good cause is to present evidence of the accused's incarceration." State v. Berry , 12th Dist. No. CA2013-11-084, 2014-Ohio-2715, 2014 WL 2882677, ¶ 11.
{¶ 15} In deciding whether the defendant's body was produced or good cause was otherwise shown, it does not matter whether the defendant was captured by the surety, arrested by law enforcement, or appeared voluntarily. See Durrett , 7th Dist. No. 09 MA 57 at ¶ 3, 8, 29 (the trial court's denial of the surety's motion for remission of bond was an abuse of discretion as the court relied on the fact that surety was not directly responsible for the defendant's return, even though the defendant returned to the court, entered a plea, and finished serving his sentence by the time of the trial court's decision), citing Toledo v. Floyd , 185 Ohio App.3d 27, 2009-Ohio-5507, 923 N.E.2d 159, ¶ 11 (6th Dist.) (where the defendant appeared at bond forfeiture show cause hearing due to his arrest by law enforcement, the court was not permitted to enter judgment against the surety).
{¶ 16} In one of the cases cited by the surety, the defendant was in custody and appeared in court prior to the bond forfeiture show cause hearing. The Sixth District held: "Entry of forfeiture when the defendant has appeared prior to the noticed date constitutes an abuse of discretion." City of Toledo v. Hunter , 6th Dist. No. L-09-1183, 2009-Ohio-6985, 2009 WL 5174179, ¶ 11. The surety also cites a case where: the defendant failed to appear for the court date; the court revoked bond and ordered his arrest; the court continued the case on the bond forfeiture hearing; and on the rescheduled date, the defendant was incarcerated in the local jail. Because the defendant was locally incarcerated at the time of rescheduled hearing and thus available to the court, the Twelfth District found good cause under R.C. 2937.36(C). State v. Tucker , 12th Dist. No. CA2007-07-096, 2008-Ohio-3381, 2008 WL 2635518, ¶ 29, 33. In another Twelfth District case, Civ.R. 60(B) relief from the trial court's entry of judgment on bond forfeiture was warranted where the defendant was being held at the local jail on the day of the show cause hearing. State v. Crosby , 12th Dist. No. CA2009-01-001, 2009-Ohio-4936, 2009 WL 2991129, ¶ 39. We recognize these were appeals after post-judgment motions.
{¶ 17} In any event, in the case before us, the defendant was incarcerated after the adjudication of bond forfeiture but before the show cause hearing. There is no need to resort to extrajudicial evidence. This is established by judgment entries in the case and other filings. At the time of *952 the surety's motion: the defendant was locally incarcerated; he was brought before the court; the court set a new, higher bond; and he had not yet posted the new bond through a different surety. The defendant may not have been incarcerated locally at the time of the show cause hearing. However, the defendant had been arrested and released in this case after the initial adjudication of bond forfeiture and before the show cause hearing, and he appeared before this judge for a probation violation probable cause hearing in this case (while out on the new bond pending his final probation violation hearing). The surety's motion explaining the situation, filed prior to the show cause hearing and while the defendant was still incarcerated, should have prompted the court to believe its own docket in the case at bar.
{¶ 18} Although the surety failed to appear at the show cause hearing, the statute provides the surety is required to "show cause on or before a date certain to be stated in the notice." R.C. 2937.36(C) (emphasis added). The motion was filed well before the date certain stated in the notice, at a time when the defendant was not only incarcerated but had been recently presented to this trial court and provided a new, higher bond. Contrary to the trial court's ruling, the surety's motion did address the issue pertinent to the show cause hearing. We need not be concerned with the evidentiary quality of claims in the surety's motion as we have the trial court's docket and corresponding filings. Added to the motion, the docket showed the defendant appeared yet again (after being released on the new bond through a different surety) for a probable cause hearing in the case and was instructed to appear for final probation violation hearing on August 24, 2017 (after the scheduled show cause hearing). A court is not bound by statements in a party's motion, but the court is bound by its own docket and its own judgment entries.
{¶ 19} In sum, where a motion was filed informing the court the defendant was returned to the sheriff and incarcerated and where the docket and entries in the very case before the court showed the defendant appeared in open court (and thus his body was produced to the court between the bond forfeiture and the show cause date), the trial court abused its discretion in entering judgment against the surety on the bond forfeiture. Accordingly, the surety's first assignment of error is sustained.
{¶ 20} The surety sets forth three other assignments of error. The second assignment of error complains about the lack of a record confirming that the court called the case for hearing before entering the final judgment (which judgment indicates the case was called for hearing). The third assignment of error states the defendant's notice was returned by the post office. Notably, a subsequent judgment entry was filed on June 21, 2017 appointing counsel for the defendant for the August 1, 2017 bond forfeiture hearing and the June 14, 2017 notice was sent by ordinary mail to the address for the defendant in the recognizance as per R.C. 2937.36(C). See also State v. Hicks , 7th Dist. No. 09 JE 38, 2011-Ohio-1184, 2011 WL 862186, ¶ 21 (although the defendant's notice was returned, the surety's was not). The fourth assignment of error argues exoneration of bail was required under R.C. 2713.23 but fails to discuss R.C. 2713.21 which is cited in R.C. 2713.23.[2]
*953 {¶ 21} As assignments of error two through four are set forth as alternative arguments, they need not be addressed. These assignments of error are moot due to our decision to sustain the surety's first assignment of error. The trial court's decision, entering judgment against the surety on the bond forfeiture, is hereby reversed.
Donofrio, J., concurs.
Bartlett, J., concurs.

After judgment has been rendered against the surety under R.C. 2937.36(C), a surety can seek bond remission under R.C. 2937.39, which provides: "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *." We also note the surety filed a motion to vacate the court's August 1, 2017 judgment. See Civ.R. 60(B). This motion is pending in the trial court.

The statute falls within the sequence of R.C. 2713.01 to 2713.29, many of which explicitly apply only to a civil defendant's bail. See, e.g. , R.C. 2713.01 ("In a civil action, a defendant can be arrested before judgment only in the manner prescribed by sections 2713.01 to 2713.29, inclusive, of the Revised Code. This section does not apply to proceedings for contempt, nor to actions prosecuted or judgments obtained in the name of the state to recover fines or penalties"); R.C. 2713.02 (plaintiff can cause arrest of defendant for disposing of assets to defraud creditors); R.C. 2713.28 ("A person who causes another to be committed to jail under sections 2713.01 to 2713.29, inclusive, of the Revised Code, shall be liable in the first instance for the jail fees, and if required by the jailer must pay such fees weekly in advance."). When used in former statutes, "the bail" was equated to "the special bail" which is defined as a surety for a civil defendant arrested by process issued during a lawsuit. See Whetstone v. Riley , 7 Ohio St. 514 (1857) ; Wright v. Coller , 35 Ohio St. 131 (1878) ; Black's Law Dictionary (10th Ed.2014). We recognize R.C. 2713.22 has been read in isolation as applicable to criminal bail, State v. Kole , 92 Ohio St.3d 303, 750 N.E.2d 148 (2001), and the "in pari materia" rule of construction for statutes on the same subject is applied only if ambiguity exists in a statute, State ex rel. Clay v. Cuyahoga Cty. Med. Ex. Office , 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 17, 20. However, where one statute specifically cites another, it is "incorporating by reference" the cited statute which must be used to determine plain language. General Motors Corp. v. Kosydar , 37 Ohio St.2d 138, 146, 310 N.E.2d 154 (1974). Unlike R.C. 2713.22, R.C. 2713.23 specifically cites to R.C. 2713.21, which contains indicators of its provenance and speaks of "the return date of the summons" and the "action against the bail."