[Cite as *Univ. Hts. v. Allen*, 2019-Ohio-2908.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF UNIVERSITY HEIGHTS, | : | |
| Plaintiff, | : | |
| | | No. 107211 |
| v. | : | |
| TYREE ALLEN, | : | |
| Defendant. | : | |
| [Appeal by U.S. Specialty Insurance Corporation and Surety Corp. of America] | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2019

---

Appeal from the Shaker Heights Municipal Court
Case No. 17 TRC 00061

---

### *Appearances:*

Percy Squire Co., L.L.C., and Percy Squire, *for appellants* U.S. Specialty Insurance Corporation and Surety Corp. of America.

C. Randolph Keller, Shaker Heights Chief Prosecutor, *for* Shaker Heights Municipal Court.

ANITA LASTER MAYS, J.:

{¶ 1} Defendants-appellants, U.S. Specialty Insurance Corporation and Surety Corp. of America ("Specialty"), appeal the trial court's denial of Specialty's

motion to vacate the bond forfeiture judgment and relief from liability by the Shaker Heights Municipal Court. We affirm the trial court's judgment.

## I. Background and Facts

{¶ 2} On March 29, 2017, in the underlying case, Tyree A. Allen ("Allen") was charged with operating a vehicle under the influence of alcohol ("OVI") and slow speed under the corresponding municipal ordinances by the city of University Heights. Also, on that date, Specialty posted a $10,000 surety bond.

{¶ 3} On September 13, 2017, the slow speed charge was dismissed, and Allen pleaded guilty to OVI. On October 5, 2017, Allen was ordered to obtain an alcohol and drug assessment. On December 7, 2017, the trial court issued a journal entry setting the sentencing hearing for December 27, 2017. Allen failed to appear at the hearing. On January 5, 2018, the trial court issued an order documenting the December 27, 2017 failure to appear. The order also states that the $10,000 bond was forfeited and a show cause hearing regarding the forfeiture was set for March 28, 2018. The order further included the issuance of a contempt-of-court warrant with a $7,500 bond pursuant to R.C. 2705.02.

{¶ 4} The warrant was not issued until January 31, 2018. Also, on January 31, 2018, 26 days after Allen's failure to appear for sentencing was journalized, the bond forfeiture show cause hearing notification containing a hearing date of March 28, 2018, was mailed to Allen, Specialty, and Deed Carroll ("Carroll") who was listed as the bonding agency and as Specialty's attorney in fact. Specialty, Carroll, and Allen failed to appear for the bond forfeiture hearing on

March 28, 2018. On March 29, 2018, the trial court issued a $10,000 bond forfeiture judgment against Specialty and Carroll for failure to produce Allen. On April 11, 2018, the invoice and notice of bond forfeiture judgment was entered requiring payment of the judgment by June 29, 2018.

{¶ 5} On April 19, 2018, Carroll, through counsel and as agent and representative of Specialty, filed a motion to vacate the bond judgment and requested relief from liability. The motion advised that Allen failed to appear at the sentencing hearing on January 5, 2018, because he was incarcerated in the Cuyahoga County Jail. Carroll included a letter of incarceration issued by the Cuyahoga County Sheriff on April 16, 2018, that stated Allen "was incarcerated in the Cuyahoga County Jail from: [December 13, 2017] thru [January 19, 2018], TOT Halfway H./Harbor Light." Letter of incarceration (Apr. 16, 2018). A copy of the Cleveland Police Department's case information form documenting Allen's arrest, and the court's sentencing entry for Allen's plea to attempted drug possession on December 26, 2017, was also provided. [1]

{¶ 6} A summary entry denying the motion was issued by the Shaker Heights Municipal Court on April 20, 2018. On May 9, 2018, the instant appeal was filed.[2] On May 29, 2018, Specialty filed a separate motion under Civ.R. 60(B) requesting relief from the March 29, 2018 and April 11, 2018 judgments on the

---

[1] Cuyahoga C.P. No. CR-17-622237-A.

[2] Notice of forfeiture was sent to Specialty on April 11, 2018. The appeal is timely under App.R. 3 and 4.

ground that Specialty was not provided timely notification of the forfeiture pursuant to R.C. 2937.36. On May 30, 2018, this court granted Specialty's request to remand the appeal to the trial court to allow the court to rule on the pending motion to vacate the judgment.

{¶ 7} On June 25, 2018, the trial court denied Specialty's motion to vacate. The trial court pointed out that Allen, Specialty, and Carroll failed to request continuances and failed to appear at the March 28, 2018 hearing. In addition, the court noted that, based on the documentation provided, Allen was not incarcerated on March 28, 2018.

## II. Discussion

{¶ 8} While the amended notice of appeal in this case challenges the legality of the forfeiture judgment and the motion to vacate that judgment under Civ.R. 60(B), Specialty's sole assignment of error in this case states:

> The trial court erred when it denied appellant's motion to vacate for the reason that R.C. 2937.36 bars forfeiture if the surety is not given notice within fifteen days following a defendant's failure to appear.

### A. Standard of Review

{¶ 9} We apply an abuse of discretion standard to our review of the trial court's denial of a Civ.R. 60(B) motion to vacate a judgment. *Bank of New York v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 25, citing *Benesch, Friedlander, Coplan & Aronoff, L.L.P. v. Software, Inc.*, 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, ¶ 13. "'The term 'abuse of discretion' implies

that the court's attitude was unreasonable, arbitrary, or unconscionable.'" *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). [3]

### B. Analysis

{¶ 10} Civ.R. 60(B) states,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 11} A movant must establish any one of the three requirements to prevail on a motion for relief from judgment under Civ.R. 60(B):

> (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). The failure to establish any one of these requirements will result in the denial of the motion.

*Obloy v. Sigler*, 8th Dist. Cuyahoga No. 101672, 2015-Ohio-877, ¶ 10, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

---

[3] A trial court's forfeiture determination is also reviewed for an abuse of discretion. *Youngstown v. Edmonds*, 2018-Ohio-3976, 119 N.E.3d 946 (7th Dist.).

**{¶ 12}** Here, Specialty claims that the judgment is void because R.C. 2937.36 effectively serves as a statute of limitations. Specialty argues that the failure to issue the notice within the 15-day statutory period divested the trial court of jurisdiction to proceed.

> "When a party claims that a judgment is void, that party need not comply with Civ.R. 60(B). Instead, a trial court retains inherent authority to vacate a void judgment." *Blaine v. Blaine*, 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654, ¶ 17; *see also Pryor v. Pryor*, 4th Dist. Ross No. 11CA3218, 2012-Ohio-756, ¶ 5-8 (treating motion to vacate divorce decree as a motion to set aside a void judgment and not conducting Civ.R. 60(B) analysis). "When a party incorrectly seeks relief under Civ.R. 60(B) in an attempt to vacate a void judgment, a court will 'treat the motion as a common law motion to vacate or set aside the judgment * * *.'" *Blaine* at ¶ 17, quoting *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 19.

*Cochenour v. Cochenour*, 4th Dist. Ross No. 13CA3420, 2014-Ohio-3128, ¶ 14. A motion to vacate or set aside an allegedly void judgment is also reviewed for an abuse of discretion. *Adams v. McElroy*, 8th Dist. Cuyahoga No. 105399, 2018-Ohio-89, ¶ 12.

**{¶ 13}** "A final judgment of forfeiture of a recognizance surety bond has two steps." *Edmonds*, 2018-Ohio-3976, 119 N.E.3d 946, at ¶ 13. First, there is "an adjudication of bail forfeiture under R.C. 2937.35." *Id.* Secondly, there is a "bond forfeiture show cause hearing under R.C. 2937.36." *Id.*

**{¶ 14}** R.C. 2937.35 provides:

Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or

sureties, and adjudge the bail forfeit upon failure to appear at such later date.

{¶ 15} R.C. 2937.36 regulates the forfeiture proceedings and provides in pertinent part:

> (C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show-cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

R.C. 2937.36(C).

{¶ 16} A surety may be exonerated from failing to produce a defendant where good cause is demonstrated. *State v. Lott*, 2014-Ohio-3404, 17 N.E.3d 1167, ¶ 9 (1st Dist.), citing *State v. Hughes*, 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986), and R.C. 2937.36(C). "A surety may also be exonerated where performance of the conditions in the bond is rendered impossible by an act of law" but "the impossibility of performance must have been unforeseeable at the time the surety entered into the contract." *Id.*, citing *Hughes* at 21-22, citing *Taylor v. Taintor*, 83 U.S. 366, 21 L.Ed. 287 (1872), and *State v. Scherer*, 108 Ohio App.3d 586, 594, 671 N.E.2d 545 (2d Dist.1995).

{¶ 17} The purpose of R.C. 2937.36(C) is to provide "the surety time to locate the defendant prior to the 'show-cause' hearing" "to avoid a possible judgment." *Lott* at ¶ 15. The purpose of the statutory procedures is to afford due process by allowing the surety to be heard prior to the forfeiture. *State v. Martin*, 2d Dist. Montgomery No. 21716, 2007-Ohio-3813.

{¶ 18} Indeed,

> The sweep of R.C. 2937.36(C) is broad enough to cover those situations where the surety is unaware of the non-appearance of the defendant-principal until the bond is forfeited. In those situations, the surety has a due process expectation of the notice and opportunity to show good cause provided for in R.C. 2937.36(C).

*Id.* at ¶ 22.

{¶ 19} Ohio appellate courts consider a number of factors in determining whether a forfeiture should be upheld but a central theme is whether the surety suffered prejudice. Illustrative here is the appellate court's holding in *State v. Barnes*, 6th Dist. Sandusky No. S-10-025, 2011-Ohio-799. The trial court refused the surety's request to reverse a bond forfeiture because notice was untimely under pre-amendment R.C. 2937.36. The statute provided that "a surety *shall* be notified of the show cause forfeiture hearing and that the hearing '*shall* not be less than twenty nor more than thirty days from the date of mailing notice.'" (Emphasis added.) *Id.* at ¶ 29, quoting pre-amendment R.C. 2937.36. The notice in *Barnes* was issued to the surety less than 20 days from the date of the hearing.

{¶ 20} The appellate court agreed that the timing of the notice was noncompliant. "Admittedly, the notice does not comply with the 20-day

requirement." *Id.* at ¶ 30. "However, appellant has failed to demonstrate how she was prejudiced by the court's failure to abide by the rule." *Id.*, citing *Toledo v. Floyd*, 185 Ohio App.3d 27, 2009-Ohio-5507, 923 N.E.2d 159 (6th Dist.) (parties appeared at the hearing in spite of the untimeliness of the notice so were not prejudiced); *State v. Huffman*, 6th Dist. Sandusky No. S-10-016, 2010-Ohio-5026.

{¶ 21} A review of the legislative history provided by Specialty does not support the argument that the notification period was determined to be a statutory prerequisite for jurisdiction to move forward with the forfeiture proceedings. In fact, the Ohio Legislative Service Commission's final analysis of Am.Sub. H.B. 86 amending R.C. 2937.36 indicates that the changes to the statute were simply to the time periods for notice and hearing. *See also* the R.C. 2937.36 amendment notes which provide that "[t]he 2011 amendment, in the first sentence of (C), inserted 'within fifteen days after the declaration of the forfeiture', substituted 'forty-five' for 'twenty' substituted 'sixty days' for 'thirty days'; and made stylistic changes."

{¶ 22} Specialty has not demonstrated how it was prejudiced by the delayed notification in this case. A surety may not fail to take advantage of the procedural due process afforded and then claim that the judgment was unlawfully entered. Specialty had actual notice of the proceedings yet failed to appear to request additional time.

{¶ 23} In the instant case, the trial court issued the notice 11 days after the 15-day period provided by the statute. Specialty does not deny receiving notification or explain how Specialty was prejudiced by the delay. Instead, Specialty simply

failed to appear or take other action to protect its rights. We reject Specialty's assertion that the delay in issuing the notice rendered the judgment void and divested the trial court of authority to act.

{¶ 24} The appellate court in *State v. Worley*, 5th Dist. Licking No. 2011 CA 0067, 2012-Ohio-484, addressed a fact situation similar to that of the instant case. The accused failed to appear for a pretrial and a $5,000 bond was forfeited. *Id.* at ¶ 3-4. Neither the accused nor the surety appeared at the subsequent show cause hearing and a judgment of forfeiture was rendered. No request for a continuance was filed. Nine days after the judgment, the surety filed a motion to set aside the judgment and discharge the surety under Civ.R. 60(B). The surety discovered that the accused had been incarcerated one month prior to the scheduled pretrial, which constituted a valid reason for the failure to appear. The trial court denied the motion. *Id.* at ¶ 8.

{¶ 25} The surety argued entitlement to relief based on *State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162 (2d Dist.), where the court granted a motion to set aside a judgment of bond forfeiture based on the surety's defense that the accused was incarcerated elsewhere. *Id.* at ¶ 20. The *Worley* court found that *Yount* was distinguishable because the surety in *Yount* actually appeared at the show cause hearing and advised the trial court of defendant's incarceration. "[The surety in this case] asserts that because of the alleged meritorious defense of [the accused's] incarceration in another county, its nonappearance at the show

cause hearing is immaterial." *Id.* at ¶ 23. "This argument discounts the role of a

surety and misconstrues the meaning of Civ.R. 60(B)." *Id.*

{¶ 26} The appellate court continued:

The Ohio Supreme Court has stated that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *GTE*, supra, at 153, 351 N.E.2d 113. Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Emery v. Smith*, 5th Dist. Nos. 2005CA00051 and 2005CA00098, 2005-Ohio-5526, ¶16, citing *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536, 706 N.E.2d 825, fn. 8 (1997).

*Worley*, 5th Dist. Licking No. 2011 CA 0067, 2012-Ohio-484, ¶ 24.

{¶ 27} Finally, the *Worley* court freely expressed its dismay about the

surety's disregard for the judicial system:

Appellant's reasoning is circular: it asserts a meritorious defense of [the accused's] incarceration, yet justifies its nonappearance at the show cause hearing on the alleged meritorious defense that it failed to assert. By this reasoning, the trial court was apparently expected to intuit the existence of a meritorious defense because Appellant did not appear to present one. Appellant's argument relies upon *Yount's* holding that incarceration in another county is a meritorious defense, but appellant overlooks the significance of the fact that the *Yount* surety "apprised the trial court at the show cause hearing that she had located [the defendant] in [another county]," therefore satisfying the first requirement of Civ.R. 60(B). *Yount, supra*, 737. Under all of the circumstances, therefore, the surety's efforts in *Yount* did not constitute a complete disregard for the judicial system. *Id.* The same is not true in the instant case.

*Id.* at ¶ 25.

{¶ 28} In this case, the record reveals that none of the surety parties appeared at the hearing. Based on our review of the record, there is no evidence that requests were made to have the hearing continued.

{¶ 29} The first attempt to resolve the forfeiture issue occurred one week after the invoice and notice to pay was ordered. At that point, Carroll moved to vacate the judgment and submitted documentation that Allen was incarcerated and unable to appear at the sentencing. Neither the motion to vacate filed by Carroll nor Specialty's motion to vacate addressed the failure of the parties to appear at the show cause hearing. "[A] surety has a duty to follow the progress of a defendant's case." *State v. Barnes*, 6th Dist. Sandusky No. S-10-025, 2011-Ohio-799, ¶ 28, citing *State v. Stevens*, 30 Ohio St.3d 25, 505 N.E.2d 972 (1987). *See also State v. AAA Sly Bail Bonds (Jefferson)*, 5th Dist. Richland No. 17-CA-56, 2018-Ohio-2943.

{¶ 30} We find that Specialty has failed to demonstrate entitlement to relief pursuant to Civ.R. 60(B) based on "excusable neglect or any other reason justifying relief from judgment." *Worley,* 5th Dist. Licking No. 2011 CA 0067, 2012-Ohio-484, ¶ 26. Thus, Specialty has failed to satisfy any one of the three required prongs of the *GTE* test and the motion to vacate the judgment was properly denied. *Id.,* citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

{¶ 31} We also observe that R.C. 2937.39 contains an additional due process protection for a surety dealing with bond forfeiture. It "provides a surety with a mechanism for requesting that a court remit all or a portion of a forfeited

recognizance" bond if the statutory elements are met. *State v. Bates*, 2017-Ohio-4445, 93 N.E.3d 263, ¶ 7 (8th Dist.); *AAA Sly Bail Bonds (Jefferson)*, 5th Dist. Richland No. 17-CA-56, 2018-Ohio-2943, ¶ 48 ("a surety may seek remission of the forfeiture in the event that the accused subsequently appears, surrenders or is rearrested.") The record does not reflect that Specialty has pursued this remedy.

{¶ 32} We find that Specialty's assigned error lacks merit.

III.  **Conclusion**

{¶ 33} The trial court did not abuse its discretion by denying the Civ.R. 60(B) motion to vacate the forfeiture judgment. Our analysis of the propriety of the Civ.R. 60(B) motion subsumes the propriety of the forfeiture judgment.

{¶ 34} The trial court's judgments are affirmed.

It is ordered that Specialty pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR