[Cite as *Univ. Hts. v. Allen*, 2021-Ohio-1952.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

UNIVERSITY HEIGHTS,　　　　　　　　:

　　　Plaintiff-Appellee,　　　　　:

　　　　　　　　　　　　　　　　　　　No. 109872

　　　v.　　　　　　　　　　　　　:

TYREE A. ALLEN,　　　　　　　　　:

　　　Defendant.　　　　　　　　　:

[Appeal by U.S. Specialty Insurance
Corp. and Surety Corporation of
America]

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 10, 2021

---

Criminal Appeal from the Shaker Heights Municipal Court
Case No. 17TRC00061

---

### *Appearances:*

C. Randolph Keller, Chief Prosecuting Attorney, *for appellee.*

Percy Squire, *for appellants.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendants-appellants, U.S. Specialty Insurance Corporation and Surety Corporation of America ("Specialty"), are again before this court appealing

the trial court's orders forfeiting bond and the bond invoice and notice for Tyree Allen.[1]  Finding no merit to the appeal, we affirm.

{¶ 2} The facts are as follows and are set forth in greater detail in Specialty's first appeal, *Univ. Hts. v. Allen*, 8th Dist. Cuyahoga No. 107211, 2019-Ohio-2908, ¶ 3.  On March 29, 2017, Allen was charged with operating a vehicle under the influence of alcohol ("OVI") and slow speed.  Specialty posted a $10,000 surety bond on Allen's behalf.  Allen pleaded guilty to OVI and the court dismissed the slow-speed charge.

{¶ 3} Allen failed to appear at his December 2017 sentencing hearing.  On January 5, 2018, the trial court issued an order stating that the $10,000 bond was forfeited.  The court set a show cause hearing regarding the forfeiture but Specialty failed to appear for the hearing.  The trial court issued a $10,000 bond forfeiture judgment against Specialty for failure to produce Allen.  On April 11, 2018, the invoice and notice of bond forfeiture judgment was entered requiring payment of the judgment by June 29, 2018.

{¶ 4} Specialty filed a notice of appeal in this court and subsequently filed a Civ.R. 60(B) motion with the trial court.  This court remanded the appeal to the trial court to allow the court to rule on the pending Civ.R. 60(B) motion.  The trial court denied Specialty's motion.

{¶ 5} This court affirmed the trial court's judgment, finding that Specialty failed to demonstrate entitlement to relief pursuant to Civ.R. 60(B).  *Allen*, 8th

---

[1]Allen is not a party to this appeal.

Dist. Cuyahoga No. 107211, 2019-Ohio-2908, at ¶ 30. This court noted that none of the surety parties appeared at the hearing nor asked for a continuance of the hearing; therefore, Specialty failed to demonstrate entitlement to relief pursuant to Civ.R. 60(B) based on excusable neglect or any other reason justifying relief from judgment. *Id.* Specialty appealed to the Ohio Supreme Court that declined jurisdiction. *Univ. Hts. v. Allen*, 158 Ohio St.3d 1421, 2020-Ohio-647, 140 N.E.3d 740.

{¶ 6} On June 26, 2020, Specialty filed a "motion for reconsideration" in the trial court, setting forth the same arguments it had previously set forth in its Civ.R. 60(B) motion for relief from judgment; however, its new motion was not made pursuant to Civ.R. 60(B). In an entry dated July 2, 2020, the trial court denied Specialty's motion for reconsideration and it is from this judgment that Specialty now appeals, raising the following assignment of error for our review:

> I. The trial court's denial of appellant's renewed motion under Ohio Rule Civ.P. 60(B)(5) for reconsideration was erroneous in light of the provisions of R.C. 2937.40(A)(1)(b).

{¶ 7} In its sole assignment of error, Specialty argues that the trial court erred in denying its renewed motion for relief from judgment.

{¶ 8} It is well-settled that a motion for reconsideration of a final order is a nullity. *Ayers v. Precision Environmental Co.*, 8th Dist. Cuyahoga No. 93559, 2010-Ohio-4479, ¶ 23, citing *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981).

{¶ 9} Although Specialty now claims that it filed a "renewed" motion for relief from judgment pursuant to Civ.R. 60(B), a review of the record shows that Specialty's motion was not filed pursuant to Civ.R. 60(B) and Specialty did not argue that it was entitled to relief pursuant to any of the grounds for relief enumerated in Civ.R. 60(B)(1)-(5). Rather, Specialty claimed in its motion for reconsideration that the trial court should reconsider its previous order due to recent economic upheaval and because Allen was incarcerated on the date the sentencing hearing was held. It is only now, on appeal, that Specialty claims that it filed a "renewed" Civ.R. 60(B) motion.

{¶ 10} Consequently, because a final order is not subject to a motion for reconsideration, the trial court did not err in denying a motion for reconsideration of its previous final order.[2]

{¶ 11} Specialty's sole assignment of error is overruled. Judgment affirmed.

---

[2]Moreover, even if Specialty had filed another motion for relief from judgment pursuant to Civ.R.60(B), the motion would have been barred by res judicata. Under res judicata, "'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *E. Cleveland IAFF 500 v. E. Cleveland*, 8th Dist. Cuyahoga No. 108982, 2020-Ohio-4295, ¶ 6, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

It is ordered that appellee recover from appellants costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EMANUELLA D. GROVES, J., CONCUR