[Cite as *State v. Middleton*, 2019-Ohio-2171.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0064** |
| RICKEY D. MIDDLETON, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2018 CR 00104.

Judgment:  Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Chris Wells*, P.O. Box 1487, Stow, OH  44224 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Rickey D. Middleton, Jr. ("Mr. Middleton"), appeals from the judgment of the Portage County Court of Common Pleas, which sentenced him to a 17-month term of imprisonment following his written plea of guilty to one count of domestic violence, a fourth degree felony, in violation of R.C. 2919.25.

{¶2}    Mr. Middleton was appointed counsel for appellate purposes by the trial court, but due to counsel's failure to follow through with the appointment, the trial court removed him and appointed new appellate counsel.

{¶3} Mr. Middleton's new counsel perfected the appeal in this case but filed a motion to withdraw on the basis that Mr. Middleton's appeal was frivolous. His motion was accompanied by an "*Anders* brief" in accordance with the Supreme Court of the United States' decision inf *Anders v. California*, 386 U.S. 738 (1967). In his *Anders* brief, counsel set forth two potential assignments of error: (1) whether the trial court erred by allowing the victim's husband to speak for her at the sentencing hearing, and (2) whether the trial court abused its discretion by sentencing Mr. Middleton to the nearly maximum term of imprisonment permitted for a fourth degree felony. Mr. Middleton's counsel properly certified that a copy of the *Anders* brief was sent to Mr. Middleton with instructions, so Mr. Middleton could file his own brief if he so chose.

{¶4} We then issued an order, giving Mr. Middleton 30 days to file a submission to raise any arguments in support of his appeal. No further briefing was filed. Further, we held his counsel's motion to withdraw in abeyance until our present determination.

{¶5} After a thorough and independent review of the record and all proceedings, we find appellate counsel's potential assignments of error without merit because the victim was statutorily entitled to have a representative speak for her at the sentencing hearing, and Mr. Middleton's sentence is supported by the evidence and not contrary to law. As there are no legal points on the merits of this case, we decline to appoint new counsel, and counsel's motion to withdraw is granted. The judgment of the Portage County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶6} Per the presentence investigation, on January 28, 2018, the police responded to 1536 Benjamin Court for a noise complaint with the resident, Sunny

Hawkins. Ms. Hawkins passed the police notes that said, "help, there's someone else in the house," and "warrants." The "someone" was later identified as her live-in boyfriend, Mr. Middleton. The officers observed that Ms. Hawkins was visibly nervous and upset, and she disclosed she had been abused by Mr. Middleton on December 24, 2017.

{¶7} The investigation revealed that after an argument, Mr. Middleton threw her to the ground. She got up, and he shoved her back down. He got on top of her from behind, pressing her neck into the ground. She rolled over and he began choking her to the point she could not breath. Ms. Hawkins showed the police photographs from the incident and provided a written statement. The police arrested Mr. Middleton and he remained in jail until his sentencing hearing on April 9, 2018.

{¶8} On February 28, 2018, the court held a discovery/change of plea hearing. After engaging in a colloquy with Mr. Middleton, the court accepted Mr. Middleton's plea of guilty to one count of domestic violence, a felony of the fourth degree. The court further ordered an expedited presentence investigation and continued bond.

{¶9} A little over a month later, on April 9, 2018, the court held a sentencing hearing. The state stayed silent as to a sentence recommendation. The court considered Ms. Hawkins's victim impact statement, and Ms. Hawkins's representative, Jack Hawkins, her estranged ex-husband, spoke on her behalf. Mr. Hawkins told the court that his children (with Ms. Hawkins) are in fear for their mother's safety and that Mr. Middleton told Ms. Hawkins he will be "coming after her" if he gets out. According to Mr. Hawkins, all of the children have seen Mr. Middleton physically abuse Ms. Hawkins.

{¶10} Mr. Middleton's counsel spoke on Mr. Middleton's behalf and asked the court to allow Mr. Middleton to complete probation because he had already served 73

3

days in jail while awaiting his sentence with demonstrated good behavior, including attending treatment programs. Mr. Middleton told the court Ms. Hawkins had beat him in the past, and that he was done with their "toxic relationship."

{¶11} The court reviewed the presentence investigation report, the negotiations between Mr. Middleton and the state, and Mr. Middleton's extensive history of convictions, which included prison time. The court then found, after weighing the relevant seriousness and recidivism factors, a prison term was consistent with the purposes and principles of sentencing and that he was not amenable to community control sanctions. Given the nature of the crime, with the physical harm caused and threats made, in addition to Mr. Middleton's prior prison term, the court found a prison term necessary to protect the public and to protect Mr. Middleton from committing a more serious crime.

{¶12} The court issued a nunc pro tunc sentencing order and journal entry on April 13, 2008, to correct the date of the sentencing hearing, which originally mistakenly stated the sentencing hearing was held on July 31, 2017, instead of April 9, 2018.

{¶13} Mr. Middleton filed a motion for the court to appoint counsel to represent him to file an appeal, which the court granted. Mr. Middleton then filed two pro se motions for judicial release. The court overruled both motions, finding them not well-taken. Mr. Middleton also filed a pro se motion for jail time credit. The court overruled his motion since it concerned credit of jail time after his sentencing while awaiting conveyance to the reception facility. This portion of jail time credit is calculated by the reception facility and not the court.

{¶14} As previously noted, the court appointed new counsel after Mr. Middleton's original appointed appellate counsel failed to file an appeal. His new counsel subsequently filed a motion to withdraw and an *Anders* brief.

{¶15} "In *Anders*, the Supreme Court held that "[i]f counsel is convinced, after conscientious investigation, that the appeal is frivolous, * * * he may ask to withdraw on that account. *Id.* at 741, citing *Ellis v. United States* (1958), 356 U.S. 674, 675. The *Anders* Court delineated several requirements that must be met in order for counsel to withdraw. For instance, the request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support an appeal. Furthermore, counsel must furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any conceivable matters he or she chooses. *Id.* Once these requirements have been met, the appellate court must examine the record fully to determine if the appeal is indeed frivolous. If the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision." *State v. Miller*, 11th Dist. Ashtabula No. 2007-A-0026, 2007-Ohio-5206, ¶6.

{¶16} Turning to the case at hand, assigned counsel filed an *Anders* brief asserting that there were no meritorious issues and that the appeal was frivolous. Counsel asked this court to review two potential assignments of error: (1) whether the trial court erred by allowing the victim's husband to speak at sentencing as to the victim's feelings and state of mind; and (2) whether the trial court abused its discretion by sentencing Mr. Middleton to the nearly maximum prison sentence allowable for a felony of the fourth degree.

**{¶17}** As to the first potential assignment of error, Ms. Hawkins was statutorily allowed to have a victim representative speak on her behalf. She gave the court a victim impact statement beforehand and was afraid to speak in open court. Pursuant to R.C. 2929.19, the statute governing sentencing hearings, "[a]t the hearing, * * * the offender, the prosecuting attorney, the victim *or the victim's representative* in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case." (Emphasis added.) R.C. 2929.19(A). *See also State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶21 ("R.C. 2929.19(A)(1) provides that the trial court has the discretion to permit any person with information relevant to the imposition of sentence to speak at the sentencing hearing").

**{¶18}** We also find no merit as to the potential second assignment of error that the court erred in sentencing Mr. Middleton to the almost maximum term for a fourth degree felony. In imposing a 17-month sentence, the court stated that in addition to the record, oral statements, the victim impact statement, and the presentence investigation report, it considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and R.C. 2929.12, including those related to the seriousness of the crime and the likelihood that Mr. Middleton will reoffend. Indeed, the court remarked it was "specifically finding that even though this is a felony four, weighing the relevant, seriousness and recidivism factors, a prison term is consistent with the purposes and principles of sentencing," and that Mr. Middleton is not amenable to community control sanctions. The court further explained it was making this finding because Mr. Middleton physically harmed and threatened the victim. Moreover, he has a lengthy criminal history, including

6

a conviction for domestic violence, and served time in prison for a separate, unrelated offense after violating community control sanctions.

{¶19} We cannot say that the record does not clearly and convincingly support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *See State v. O'Keefe*, 11th Dist. Lake No. 2018-L-088, 2019-Ohio-841, ¶15 ("[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). Moreover, it is apparent that in exercising its discretion, the court considered the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. *Id.* at ¶20.

{¶20} After a thorough and independent review of the record, including the transcripts of the proceedings, the presentence investigation report, and Mr. Middleton's brief, we hold there was sufficient evidence presented upon which to convict appellant of domestic violence and sentence him to 17 months in prison.

{¶21} As there are no arguable legal points on the merits of this matter, counsel's motion to withdraw is granted, and the judgment of the Portage County Court of Common Pleas is hereby affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.