[Cite as *State v. Urch*, 2019-Ohio-3996.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0034** |
| ANTHONY JAMES URCH, | : | |
| Defendant, | : | |
| THOMAS COOL BAIL BONDING, | : | |
| Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Western District, Case No. 2018 CRB 00262 W.

Judgment: Reversed and Remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Jeffrey V. Goodman*, 119 West Market Street, Warren, OH 44481 (For Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Thomas Cool Bail Bonding, L.L.C. ("TCB Bonding"), appeals the $7,500 bond forfeiture judgment of the Ashtabula County Court, Western District, regarding the bond it posted on behalf of the defendant, Anthony James Urch ("Mr. Urch"), in favor of the State of Ohio. Despite notice, neither TCB Bonding nor Mr. Urch appeared

at a January 30, 2019 show cause hearing from which the judgment emanates. TCB Bonding, however, produced Mr. Urch when it apprehended him and turned him into the Geneva City Police Department well before the show cause hearing date. The record reflects Mr. Urch has yet to appear before the trial court to resolve his case.

{¶2}  On appeal, TCB Bonding argues that the trial court abused its discretion by entering judgment against it because:  (1) it demonstrated good cause pursuant to R.C. 2937.36(C) when it apprehended Mr. Urch and returned him to the "court's custody" on November 18, 2018; and (2) TCB Bonding surrendered Mr. Urch to the Ashtabula County Court, exonerating it from liability on Mr. Urch's bond pursuant to R.C. 2713.23.

{¶3}  After reviewing the record and applicable law, we find TCB Bonding's first assignment of error to have merit insofar as TCB surrendered Mr. Urch to the Geneva City Police Department on November 18, 2018.  The following day, Mr. Urch appeared in court, and the trial court released Mr. Urch from jail upon a new $5,000 unsecured personal recognizance bond for future court appearances.  On the same day, the court received a letter from TCB Bonding asking the court to be discharged from liability for the first $7,500 surety bond since it produced the body before the date of the show cause hearing.  Thus, we reverse the trial court's judgment against TCB Bonding since it showed good cause pursuant to R.C. 2973.36(C), and remand the matter for further proceedings in accordance with this opinion.

## Substantive and Procedural History

{¶4}  A summons to appear was served upon Mr. Urch for knowingly possessing and consuming beer or intoxicating liquor underage in violation of R.C. 4301.69(E)(1), a first-degree misdemeanor.  Mr. Urch was first released on a $1,000 personal

2

recognizance bond. After failing to appear for his arraignment, the court warned Mr. Urch in a written notice that if he failed to appear at the reset hearing, a bench warrant for arrest would be issued or his driver's license would be forfeited.

{¶5} Subsequently, a bench warrant was issued because Mr. Urch, again, failed to appear. The warrant was recalled after Mr. Urch was in custody, and on the same day, TCB Bonding posted a $7,500 surety bond. Thereafter, Mr. Urch made appearances at his arraignment and pretrial hearing where the state recommended dismissal of the charges.

{¶6} The case was set to conclude at a dismissal hearing on November 7, 2018, but Mr. Urch failed to appear. On the same day, pursuant to R.C. 2937.36, the court ordered bail forfeited and the clerk of courts to notify Mr. Urch and TCB Bonding of the forfeiture of bail for failure to appear. Both Mr. Urch and TCB Bonding were ordered to appear on December 26, 2018, to show cause why judgment should not be entered against each of them.

{¶7} On November 18, 2018, TCB Bonding apprehended Mr. Urch and delivered him to the Geneva City Police Department. In a letter to the court sent the following day, TCB Bonding requested that bond be revoked and that it be relieved of all liability for the $7,500 bond for good cause.

{¶8} Mr. Urch was brought before the court. The court again set the matter for a dismissal hearing on December 26, 2018 (the same day as the show cause hearing) and released Mr. Urch on a $5,000 personal recognizance bond.

{¶9} At the hearing on December 26, 2018, Mr. Glenn Perry, on behalf of TCB Bonding, appeared unrepresented and Mr. Urch failed to appear. The court inquired as

3

to whether TCB Bonding had counsel and informed TCB Bonding that an attorney is "the only person who can advocate or speak on behalf of a limited liability company." Mr. Perry told the court that TCB Bonding's surety bond should have been released because after it delivered Mr. Urch to the Geneva Police, the court issued a personal recognizance bond of $5,000. Since TCB Bonding could not proceed without an attorney, the court did not address TCB Bonding's argument and reset the show cause hearing for January 30, 2019.

**{¶10}** Only the state appeared at the continued hearing. The court found good cause had not been shown "by production of Mr. Urch or otherwise." Judgment was granted against Mr. Urch and TCB Bonding in favor of the State of Ohio in the amount of $7,500. The court docket reflects that as of February 1, 2019, Mr. Urch continues to be unavailable for trial or sentencing.

**{¶11}** TCB Bonding raises two assignments of error on appeal:

**{¶12}** "[1.] The trial court abused its discretion by entering judgment against the appellant in its January 30, 2019 journal entry because good cause was shown by the appellant to avoid judgment pursuant to R.C. 2937.36(C), as the appellant arrested and returned the defendant to the trial court's custody on November 18, 2018 and this good cause was shown to vacate forfeiture and the defendant's subsequent appearances in court prior to the December 26, 2018, of the bond forfeiture show cause hearing.

**{¶13}** "[2.] The trial court abused its discretion by entering judgment against the appellant in its January 30, 2019 journal entry because the defendant was surrendered to the Ashtabula County Court by the appellant, which exonerated the appellant from liability on the defendant's bond pursuant to R.C. 2713.23."

4

## Standard of Review

{¶14} We review a "trial court's bond forfeiture decision using an abuse of discretion standard." *State v. Owens,* 11th Dist. Ashtabula No. 2003-A-0088, 2004-Ohio-5941, ¶12, quoting *State v. Green*, 9th Dist. Wayne Nos. 02CA0014 & 02CA0019, 2002-Ohio-5769, ¶11. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason or the record." (Citations omitted.) *State v. O'Keefe,* 11th Dist. No. 2018-L-088, 2019-Ohio-841, ¶24. Stated differently, an "abuse of discretion," is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

## Show Cause Forfeiture Proceedings

{¶15} In its first assignment of error, TCB Bonding argues the trial court abused its discretion in entering the judgment against it because good cause was shown to vacate the forfeiture since it "produced the body of the accused" after Mr. Urch's failure to appear at the November dismissal hearing and before the scheduled show cause hearing date.

{¶16} We find this argument to have merit since TCB Bonding showed good cause as to why the bond should not have been forfeited against it when TCB Bonding apprehended Mr. Urch and surrendered him to the Geneva City Police Department. TCB Bonding then sent a letter to notify the court that it did so, requesting a release from liability. On the same day, Mr. Urch appeared in open court. The court imposed a new unsecured $5,000 personal recognizance bond and issued a warrant to discharge and release Mr. Urch from jail.

5

{¶17} "The purpose of bail is to ensure the accused's presence in court at all stages of the proceedings." *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶9, citing *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶23, citing *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986). One of the permissible forms of bail is "recognizance," which is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance * * *." *Id.*, quoting R.C. 2937.22(A)(3). One form of a recognizance is a surety bond. *Id.*, citing R.C. 2937.281; Crim.R. 46(A)(3).

{¶18} "Thus, where a surety bond serves as recognizance, it 'is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered.'" *Id.*, quoting *State v. Scherer*, 108 Ohio App.3d 586, 590 (2d Dist.1995).

{¶19} When neither Mr. Urch or TCB Bonding appeared for the November 7, 2018 dismissal hearing, the trial court, pursuant to its statutory authority, ordered the bond forfeited and set the matter for a show cause hearing, sending notice to both Mr. Urch and TCB Bonding. "If an accused fails to appear in accordance with the terms of his release, R.C. 2937.35 gives the court discretion to either immediately declare the bail forfeit[ed], in whole or in part, or to continue the cause to a later date." *Id.* at ¶10, citing R.C. 2937.35. If at any time the court declares bail forfeited, the forfeiture proceedings are governed by R.C. 2937.36, which states in pertinent part:

{¶20} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

{¶21} "* * *

6

**{¶22}** "(C) As to recognizances the magistrate or clerk shall notify the accused and each surety * * * of the default of the accused and the adjudication of forfeiture and *require each of them to show cause on or before a date certain to be stated in the notice* * * * why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them * * *." (Emphasis added.)

**{¶23}** "By implication, R.C. 2937.36(C) provides that a surety may be released from liability under its bond if it can show good cause." (Citation omitted.) *Berry* at ¶11.

**{¶24}** We agree with TCB Bonding that pursuant to R.C. 2937.36(C), good cause was shown by "producing the body of the accused" when TCB Bonding apprehended Mr. Urch on November 18, 2018 and surrendered him into the custody of the Geneva City Police Department. Mr. Urch appeared before the court the next day. While neither Mr. Urch or TCB Bonding appeared for the November 7th hearing that prompted the court to forfeit the bond and set the matter for a show cause hearing, when TCB Bonding produced Mr. Urch before the show cause hearing "judgment should not [have been] entered against [it] for the penalty stated in the recognizance." R.C. 2973.36(C).

**{¶25}** Moreover, a new bond for which Mr. Urch was solely liable secured his presence for future court appearances. *See Accredited Sur. And Cas. Co., Inc. v. Florida*, 383 So.2d 308, 309 (Fla.App.1980) (the release of the defendant on her own recognizance constituted a new contract to appear between only her and the state. The surety was not a party to that new contract and therefore was not liable for the defendant's subsequent failure to appear).

7

**{¶26}** Suffice it to say that a motion requesting release from liability rather than mere correspondence to the court and an appearance with counsel at the first show cause hearing would have resolved this matter without resort to appellate practice.

**{¶27}** TCB Bonding's first assignment of error is with merit, and we reverse and remand on this basis.

### Exoneration from Liability Pursuant to R.C. 2713.23

**{¶28}** In its second assignment of error, TCB Bonding argues the trial court abused its discretion because it surrendered Mr. Urch to the Ashtabula County Sheriff on November 18, 2018, which exonerated it from liability on Mr. Urch's bond pursuant to R.C. 2713.23.

**{¶29}** Although we find TCB Bonding's first assignment of error to have merit and reverse on that basis, we briefly note that this argument fails for the simple reason that R.C. 2713.23 is applicable only in civil cases. The Fifth District Court of Appeals addressed this issue in *State v. AAA Sly Bail Bonds*, 5th Dist. Richland No. 17-CA-56, 2018-Ohio-2943. The court explained as follows:

**{¶30}** "Chapter 2713 of the Ohio Revised Code contemplates 'Arrest and Bail' in the civil context. R.C. 2713.01 provides that '[i]n a civil action, a defendant can be arrested before judgment only in the manner prescribed by R.C. 2713.01 to R.C. 2713.29. * * * R.C. 2713.02 sets forth that 'an order of arrest' is to be issued by the clerk of court upon the filing of an affidavit by the plaintiff stating the nature and amount of the plaintiff's claim and facts 'establishing one or more of the listed particulars.' R.C. 2713.03 requires the plaintiff or a surety to execute a bond that plaintiff will pay the defendant's damages up to double the amount in the affidavit in the event the order of arrest was wrongfully

8

obtained. R.C. 2713.21 addresses the discharge of bail when a defendant is surrendered in a civil case, while R.C. 2713.23 *sets forth when bail is exonerated in a civil case.*" (Emphasis added.) *Id.* at ¶21. The court went on to explain that forfeiture of bail in criminal proceedings is governed by Crim.R. 46 and R.C. Chapter 2937. *Id. at* ¶22-24, quoting *Hughes* at 20 (1986) (Forfeiture proceedings are governed by R.C. 2937.36); *State v. Bryson*, 5th Dist. Stark Nos. 2007-CA-00108 & 2007-CA-00132, 2008-Ohio-193, ¶13 ("The procedure for bail forfeiture is found in R.C. Chapter 2937").

{¶31} We find the same reasoning applies in this case. "Because this matter involved a criminal case, R.C. 2713.21 and R.C. 2713.23 providing for the discharge and the exoneration of bail in a civil case are not applicable." *Id.* at ¶25, citing *State v. Wade*, 9th Dist. Lorain No. 17CA011081, 2018-Ohio-2443, ¶15.

{¶32} TCB Bonding's second assignment of error is without merit.

{¶33} The judgment of the Ashtabula County Court, Western District, is reversed and remanded.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

9