[Cite as *State v. Davis*, 2026-Ohio-1415.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-T-0076** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Central District Court |
| BREONNE F. DAVIS, | |
| Defendant, | Trial Court No. 2019 CRB 00402 |
| CHUCK BROWN II BAIL BONDS, | |
| Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: April 20, 2026
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Charles G. Mickens*, 3480 Flo-Lor Drive, #10, Youngstown, OH 44511 (For Appellant).

MATT LYNCH, P.J.

{¶1} The Trumbull County Central District Court forfeited the bond that appellant, Chuck Brown II Bail Bonds, had posted for Breonne F. Davis, the defendant in case No. 2019 CRB 00402. Presently before this court is appellant's appeal from the trial court's subsequent order prohibiting appellant from posting bonds with the court until the forfeited bond is paid in full. The State of Ohio, appellee herein, concedes the trial court's order

was made in error.  We reverse the trial court's judgment and remand the matter for further proceedings consistent with the law and this court's opinion.

{¶2}  On August 21, 2023, appellant posted a $1,000.00 surety bond for Davis, who had been arrested for failing to appear for a probation violation hearing.  Davis again failed to appear on September 6, 2023, and a warrant was issued for her arrest.  A copy of the bench warrant was faxed to appellant.

{¶3}  Davis was apprehended on the outstanding warrant over two years later and appeared before the trial court on September 15, 2025.  The court revoked Davis's prior bond, set new bond at $2,500.00 cash or surety, and scheduled a bond forfeiture hearing for September 22, 2025.  The trial court sent notice of the forfeiture hearing to appellant via fax, but appellant failed to appear.  Due to appellant's failure to appear, the court issued an order that prohibits appellant from posting bonds with the court until the forfeited bond is paid in full.  The trial court subsequently granted appellant a stay of the order pending the outcome of this appeal.

{¶4}  Appellant presents two assignments of error for our review:

[1.] Whether a trial court abuses its discretion when it revokes a criminal defendant's bail and requires the surety to forfeit the bond without first proceeding under R.C. 2937.36.

[2.] Whether a trial court abuses its discretion when it orders a surety to both pay a bond forfeiture and prohibits the surety from posting additional bonds in the absence of full payment of the forfeited bond.

We consider the assignments of error jointly for ease of discussion.

{¶5}  A trial court's bond forfeiture decision is reviewed for an abuse of discretion, *State v. Urch*, 2019-Ohio-3996, ¶ 14 (11th Dist.), which is a "'failure to exercise sound,

Case No. 2025-T-0076

reasonable, and legal decision-making,'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶6}  Forfeiture proceedings are governed by statute in Ohio.  "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear."  R.C. 2937.35.  "But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."  *Id*.  "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows: . . .

> As to recognizances *the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail* at the address shown by them in their affidavits of qualification or on the record of the case, *of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice*, why judgment should not be entered against each of them for the penalty stated in the recognizance.  If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases.  The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

(Emphasis added.)  R.C. 2937.36(C).  "'By implication, R.C. 2937.36(C) provides that a surety may be released from liability under its bond if it can show good cause.'"  *Urch* at ¶ 23, quoting *State v. Berry*, 2014-Ohio-2715, ¶ 11 (12th Dist.).

{¶7}  Appellant contends, the State concedes, and we agree that the trial court failed to follow the procedure set out in R.C. 2937.36(C).  Specifically, the trial court

Case No. 2025-T-0076

abused its discretion under the statute when it failed to notify appellant of the September 15, 2025 declaration of forfeiture "by ordinary mail" and failed to afford appellant "not less than forty-five nor more than sixty days" to contest the declaration of forfeiture before it imposed the additional sanction of prohibiting any future bond until the forfeited amount is fully paid. *See State v. Green*, 2002-Ohio-5769, ¶ 17-18 (9th Dist.) ("Because the trial court erred in forfeiting surety's bond without following the required statutory procedures, its subsequent order that the clerk refuse any future bonds from surety or agent until the [forfeited bond] was paid was also error.").

{¶8}   Accordingly, we reverse the order of the Trumbull County Central District Court.  This matter is remanded for the trial court to provide appellant and the accused with notice and an opportunity to be heard, pursuant to the statutory procedure set forth in R.C. 2937.36(C).

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0076

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Central District Court is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0076